**Bell Auto Repair & Painting Corporation, Plaintiff-Appellee, v. Manuel Henderson, Defendant-Appellant.**

Gen. No. 50,632.

First District, Third Division.

July 21, 1966.

Charles A. Wilson, of Chicago, for appellant.

Byron A. Eisenstein, of Chicago, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This involves an appeal from an order denying defendant's petition to vacate and set aside a judgment by confession on a promissory note.

Judgment was entered April 23, 1962, against the defendant and in favor of the plaintiff. On January 8, 1965, the defendant filed a petition under section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, par 72), setting forth that the judgment was void and should be set aside and vacated because it was procured through fraud and fraudulent concealment of the cause of action by the respondent (plaintiff). The petition then alleged the following:

"2. a. That the suit is based upon a fraudulent promissory confession note, the existance (sic) of which was never made known to your Petitioner, but was fraudulently concealed from him for over a period of three years, to-wit from the date of the

note Nov. 11, 1961 up until Petitioner's homestead was sold by virtue of levy made thereon by Respondent to satisfy said judgment.

"b.   That Execution was never served on Petitioner and Petitioner was not aware that suit had been instituted against him at any time.

"c.   That the levy was made and served Nov. 20, 1963 against Petitioner's real estate by the Bailiff of the City of Chicago to satisfy said Judgment, no Notice as is required by the Illinois Revised Statutes, Chap 77, Sect 15.2 was ever Served on Petitioner.

"d.   That said note is not the note of Petitioner, is without consideration, is false and fraudulent, was never written, signed, or executed by him.

"e.   That the Cognovit in this cause, is signed by an Attorney who is wholly unknown to Petitioner, and the Cognovit is therefore false.

"f.   That Defendant's real estate was sold by virtue of said levy, December 16th 1964, by the Bailiff of the City of Chicago, under Execution 537606."

The petition also set forth that at the time of the entry of the judgment the aforementioned facts were unknown to the court and to the petitioner, and that the petitioner was without fault or negligence.  Among other relief requested the petitioner prayed that the judgment be set aside and vacated, and held null and void.  The petition was sworn to by the defendant.

The defendant also attached to the petition an affidavit in which he set forth that he had a good defense on the merits to the whole of plaintiff's demand; that the nature of his defense was fraud and fraudulent concealment of the cause of action in that the plaintiff fraudulently concealed from the defendant the fact that the

plaintiff held a promissory note on which defendant's name appeared as maker; that defendant did not know of the existence of said note, had never heard of it, had never signed it and had never authorized anyone to sign his name to said note, and that if his name appeared as maker on said note, the plaintiff, through false and fraudulent representations had induced the defendant to sign his name to a blank piece of paper; that if defendant had signed a note it was fraudulently concealed from him by the plaintiff; that said note remained fraudulently concealed in the possession of the plaintiff for over three years, and that defendant was unaware of its existence; that defendant had taken his automobile to plaintiff's shop for repairs and agreed to pay plaintiff the sum of $649 for the work to be done on the car, and $110 was to be paid down and $35 per month until the full amount of $649 was paid; that the sum of $649 was the total cost of said repairs as represented by the plaintiff, and that the defendant owed the plaintiff nothing after the said amount had been paid; that the full amount of $649 and more had been paid by the defendant and that during all of the time the defendant was making monthly payments of $35 the plaintiff fraudulently concealed from him the fact of the existence of said note. The defendant further set forth in his affidavit that the judgment by confession was entered against him on April 23, 1962, in the sum of $1,498.95, based upon the concealed note held by the plaintiff, and that the defendant was unaware that judgment had been entered against him on said note until the defendant's real estate was sold by the Bailiff of the city of Chicago December 16, 1964. The defendant further set forth that he had never been served with execution or with other notice. Defendant further alleged that the plaintiff fraudulently concealed from the defendant the judgment until more than two years had lapsed after its entry; that the homestead jointly owned by the defendant and

238

his wife was sold in accordance with a levy made on November 20, 1963. The defendant further set forth in his affidavit that the falsity of the note did not appear of record and that the defendant has not had his day in court, nor has the court been advised as to the foregoing fraud perpetrated on him.

The plaintiff filed neither a motion to strike the petition nor an answer to the petition. The record before us is not clear as to the reason why the trial judge refused to vacate the judgment, but it is argued that it was because the petition to set aside the judgment was filed more than two years after its entry. Section 72 (3) of the Civil Practice Act (Ill Rev Stats 1963, c 110, par 72(3)) reads as follows:

> "The petition must be filed not later than two years after the entry of the order, judgment or decree. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of two years."

■■ The matters set forth in the petition to vacate and in the affidavit of the defendant attached thereto were sufficient to show fraudulent concealment of the existence of a note or the existence of a judgment until after the two-year period had expired. Therefore, the two-year period did not operate as a limitation upon the defendant in seeking relief under section 72 of the Civil Practice Act. Indeed, the plaintiff does not in this court question the sufficiency of the petition but in its brief argues matters which appear nowhere in the record before us. The plaintiff in its brief has not seen fit to follow the record, nor has it adverted to the abstract of record at any time either in its alleged statement of facts or in its argument.

■■ Paragraph (2) of section 72 of the Civil Practice Act reads as follows:

"The petition must be filed in the same proceeding in which the order, judgment or decree was entered but it is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters not of record. All parties to the petition shall be notified as provided by rule."

The petition must be filed in the same proceeding but it is not a continuation of said proceeding, and, in fact, it is the filing of a new action and subject to the usual rules governing civil cases. Wilson v. Wilson, 56 Ill App 2d 187, 205 NE2d 636; Brockmeyer v. Duncan, 18 Ill2d 502, 165 NE2d 294. As in any other case, the burden is on the petitioner to prove his right to the relief sought. This he must do by competent evidence. The petition is a substitute for a complaint and only confers jurisdiction upon the court. Topel v. Personal Loan & Savings Bank, 290 Ill App 558, 566, 9 NE2d 75. The petition standing alone is not evidence. However, in the instant case there was an affidavit filed in addition to the sworn petition. Section 69(2) of the Civil Practice Act reads in part as follows:

"If evidence is necessary concerning any fact which according to law and the practice of the court may now be supplied by affidavit, the court may, in its discretion, require the evidence to be presented, wholly or in part, by oral examination of the witnesses in open court, upon notice to all parties not in default, or their attorneys. . . ."

Since paragraph (2) of section 72 of the Civil Practice Act provides the petition is to be supported "by affidavit or other appropriate showing," that section taken together with section 69(2) of the Civil Practice Act indicates that the issues may be tried and established by affidavit. In Wilson v. Wilson, 56 Ill App 2d 187, 195, 205 NE2d 636, the court said:

"The procedural aspects of such petition are worthy of note. Section 72(2) of the Civil Practice Act provides that, as to the matters not of record, the petition must be supported 'by affidavit or other appropriate showing.' This, together with Section 69(2) of the Civil Practice Act (Ill Rev Stats 1963, c 110, par 69(2)), indicates that the evidence may be presented and the issues tried by affidavit, at least where the facts set forth in the affidavits do not controvert one another. Isaacs v. Shoreland Hotel, 40 Ill App2d 108, 114, 188 NE2d 776 (1st Dist 1963)."

█ In the instant case the plaintiff filed no answer or affidavit controverting the petition and affidavit of the defendant. By authority of the statutes and Wilson, supra, the affidavit of the defendant could have been considered as evidence by the court.

██ In Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348, the court on page 613 said:

"Since our decision in Ellman v. DeRuiter, 412 Ill 285, subsequently adopted by the legislature (Laws of 1955, p 2270,) it has become certain that a petition filed under section 72, such as we have here, invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances."

In the instant case the court's order read as follows:

"It is ordered by the Court that the motion to open up (sic) judgment be and the same is hereby overruled."

The defendant did not file a motion but filed a petition under section 72. The defendant did not ask the court to open the judgment. The defendant asked that the

241

judgment be vacated and set aside, and we are of the opinion that the defendant was entitled to that relief upon the record before us.

The judgment of the trial court is hereby reversed and the cause remanded with directions to the trial court to vacate and set aside the judgment, to grant the defendant sufficient time to answer the complaint filed herein, and to proceed with the trial of this case on its merits.

Reversed and remanded with directions.

SCHWARTZ and DEMPSEY, JJ., concur.