A. C. Allyn & Co., Plaintiff-Appellee, v. A. Henry Tager, Defendant-Appellant.

Gen. No. 50,719.

First District, Third Division.

December 8, 1966.

Harry P. Hutul, of Chicago, for appellant.

Gabriel E. Gedvila, of Chicago, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Defendant appeals from an order denying his motion to vacate a judgment entered by confession on a note.

Plaintiff filed a complaint on a judgment note on July 16, 1964. Plaintiff is a limited partnership and owner and holder of a note executed by defendant. The note was dated June 25, 1962, and was in the amount of $60,000. Judgment was entered on July 17, 1964. On August 17, 1964, more than thirty days after the entry of the judgment, a motion was made by the defendant to vacate the judgment entered on July 17, 1964. The motion was supported by an affidavit of the defendant which stated that the plaintiff had induced the defendant to sign the note when no indebtedness was ever due the plaintiff by the defendant. The plaintiff advised the defendant that if he signed the note for $60,000 it would satisfy the requirements of examiners and auditors, and thus would not force the plaintiff to take action against the Salem Investment Company, Inc., which company was indebted to plaintiff for that amount, and that the note was purely for the purpose of satisfying such examiners and auditors, and would never be used against the defendant personally; that the instrument was only an auditing procedure, and was not to be construed as an indebtedness on the part of the defendant; that the defendant relied upon this representation; that neither of the parties ever intended for the defendant to be a co-maker, guarantor or indemnifier of the plaintiff for the indebtedness of the Salem Investment Company, Inc.

The defendant filed an additional affidavit which he labeled "Affidavit in Support of Petition to Vacate," in

which he stated he first learned of the entry of the judgment on the 22nd day of July, 1964; that the note upon which judgment was confessed was executed merely as collateral security for the Salem Investment Company secured with plaintiff, and which defendant was induced to sign by false representations, and that defendant received no funds whatsoever; that plaintiff has not joined the Salem Investment Company which is the debtor of the plaintiff herein; that plaintiff is not a bona fide holder of said note and that no consideration was given or passed by and between the parties for the execution of said instrument. The affidavit further states that the allegations contained therein and in the *petition to vacate said judgment* by confession should be considered as a defense to plaintiff's claim.

The plaintiff filed a counteraffidavit of Gordon L. Teach. In this counteraffidavit Teach stated that during the years 1961 through 1964 he was a general partner of the plaintiff; that Salem Investment Company, Inc. had purchased certain securities through the plaintiff and had not paid for the same despite repeated demands therefor, and that the securities had depreciated in value by June 25, 1962. The defendant authorized the sale of such securities and stated that he would be responsible for any loss which might arise from the sale thereof, which statements appear in the letter of June 25, 1962, signed by the defendant. The letter referred to is as follows:

"A. C. Allyn & Co.
122 South La Salle Street
Chicago 3, Illinois

Attention: Mr. Gordon L. Teach, General Partner

Gentlemen:

I hereby authorize A. C. Allyn & Co. to sell the securities (list attached hereto) for the Salem In-

230

vestment Company, Incorporated of which I am the President and principal shareholder.

On this date I am executing a note to cover any loss which may arise from the sale of these securities and that I intend to personally satisfy any such loss.

> Very truly yours,
> (signed) A. HENRY TAGER
> A. Henry Tager

Salem Investment Company, Incorporated

By: (signed) A. HENRY TAGER
_____

A. Henry Tager, President"

The counteraffidavit of Teach further stated that to secure the payment of the promissory note defendant delivered to the plaintiff two series of postdated checks, copies of which were attached to the affidavit. The checks, most of which bear the printed name of the defendant, indicate that he is an attorney-at-law at Kansas City, Missouri. Fifteen of these checks are payable to the order of A. C. Allyn and Company, in the amount of $2,000 each, and are drawn on the Commerce Trust Company, Kansas City, Missouri. They are signed by the defendant and the first check bears date April 30, 1963, and the last of said fifteen checks for $2,000 each is dated June 30, 1964. One of the $2,000 checks is marked "Payment Stopped" and "Protested for Non-Payment 5/21/63, Ruth L. Berry, Notary Public." It was after payment had been stopped on this check that judgment was confessed on the note. Also attached were copies of seven checks drawn by the defendant on the Commerce Trust Company, payable to A. C. Allyn and Company, in the sum of $500 each, the first one bearing date June 20, 1963, and one for each successive month to December 20, 1963.

The affiant Teach further stated that neither he nor, to the best of his knowledge or belief, any other employee or agent of the plaintiff ever stated that if the defendant signed the note for the plaintiff in the original sum of $60,000, it would satisfy the requirements of examiners and auditors, and thus would not force the plaintiff to take action against the Salem Investment Company. He denied that the note was purely for satisfying such requirements of examiners and auditors, and that any promise was made that the note would never be sued upon. He also stated that he and the plaintiff relied upon the promissory note and the checks attached thereto, as well as the letter of June 25, 1962, and postponed taking legal action against the defendant to the detriment of the plaintiff.

An affidavit of B. S. Warren, Jr., General Counsel for the plaintiff, set forth that on July 15, 1964, the defendant came to Warren's office and requested Warren not to take any legal action on behalf of the plaintiff, or in the alternative that judgment against the defendant be taken by the plaintiff herein within the State of Illinois, since a judgment against the defendant in the State of Missouri would financially embarrass the defendant and thus jeopardize possibility of repayment. Because of the failure of the defendant at any time to deny his liability before the execution of the supplementary affidavit of the defendant in this action, the plaintiff was misled and failed to take earlier legal action against the defendant.

The trial judge treated the motion of the defendant to vacate the judgment, supported by affidavits and the counteraffidavits filed on behalf of the plaintiff, as a hearing on a petition to vacate the judgment under section 72 of the Civil Practice Act (Ill Rev Stats 1963, c 110, par 72).

The only point raised by the defendant is that the affidavits in support of his motion to vacate the judg-

ment showed a meritorious defense or equitable reason for vacating the judgment.

█ █ Under section 72 of the Civil Practice Act the petitioner is required to prove his right to the relief sought. Ordinarily he must do so by competent evidence. The petition, even though it is supported by affidavits, is only in lieu of a complaint, and serves only to invoke the judicial power. It is not in itself evidence. Topel v. Personal Loan & Savings Bank, 290 Ill App 558, 9 NE2d 75; Mitchell v. Eareckson, 250 Ill App 508.

█ While the defendant in this case filed a motion to vacate, which does not literally comply with section 72 of the Civil Practice Act, nevertheless, since the trial court treated it as a petition to vacate the judgment supported by affidavits to which counteraffidavits were filed, it will be treated in the same manner by this court. Paragraph 2 of section 72 of the Civil Practice Act provides that the petition be supported "by affidavit or other appropriate showing" in order to bring in matters not of record. This paragraph 2 of section 72 when considered with section 69(2) of the Civil Practice Act indicates that the issues may be tried and established by affidavit. Wilson v. Wilson, 56 Ill App2d 187, 205 NE2d 636; Isaacs v. The Shoreland Hotel, 40 Ill App2d 108, 188 NE2d 776; Bell Auto Repair & Painting Corp. v. Henderson, 73 Ill App2d 234, 219 NE2d 642.

The defendant contends that the court should not have considered the counteraffidavit of the plaintiff, but since the defendant sought to vacate the judgment, and the matter was treated by the trial court as a petition under section 72 because the motion to vacate was filed more than thirty days after the entry of the judgment, we necessarily conclude that the court had the right to try the case by affidavit. Of course, if the affidavits were contradictory in all respects, the court would have had to hear the evidence to justify a vacation of the judg-

233

ment, or even to deny the motion to vacate the judgment. However, we feel the trial court was justified in denying a motion to vacate in this case.

The defendant in his affidavit admitted that the plaintiff threatened to sue Salem Investment Company, Inc., but he expected the court to believe that the only interest plaintiff had was to keep its examiners and auditors happy. The defendant was the President and prinicipal shareholder of Salem Investment Company, Inc., and he voluntarily submitted the letter, the checks and the note. In the letter of June 25, 1962, signed by the defendant, as well as by Salem Investment Company, Inc., the defendant said that he intended to personally satisfy any such loss after authorizing the plaintiff to sell the securities which he listed. It is incredible that defendant could have induced the plaintiff to forbear from bringing action earlier except for the assumption of the obligation by the defendant. It is also incredible to us that a lawyer in defense of an action against him on a note executed by him would set up a defense to the effect that he had joined in a conspiracy to perpetrate fraud and deceit on the examiners and auditors, and seek thereby to avoid liability on the theory that his note was never to be used against him. The letter of June 25, 1962, belies any such understanding when the defendant stated "that I intend to personally satisfy any such loss." By giving the note and the postdated checks the defendant induced the plaintiff to forbear bringing an action against Salem. The defendant did not by affidavit refute or attempt to answer or explain his letter of June 25, 1962.

In 17 Am Jur2d, § 115, p 461, it is stated:

"Inasmuch as a promise may be a sufficient consideration for a promise, a promise to extend the time of performance or payment of an obligation or to forbear from exercising a right or doing an

act may, generally speaking, constitute consideration for a contract. There seems to be no dissent from the proposition that a promise to forbear from suit is a sufficient consideration for the promise of the debtor or of a third person."

We conclude that the trial court, upon the motion and affidavits and counter-affidavits, had no alternative but to deny the motion to vacate the judgment in this case.

Order affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.