(No. 41277.—

THE VILLAGE OF ROXANA, Appellant, *vs.* JOSEPH COSTANZO *et al.*, Appellees.

*Opinion filed Nov. 22, 1968.—Rehearing denied Jan. 28, 1969.*

Cox, BASSET & QUINN, of Wood River, for appellant.

HOLLAND AND HOLLAND, of Wood River, for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Joseph and Thelma Costanzo were charged with violating section 5 of an ordinance of the Village of Roxana providing for the licensing of trailer coaches. On their plea in bar alleging the ordinance to be unconstitutional, the court quashed the warrant and dismissed the complaint. The village appeals.

Section 1 of the ordinance deals with definitions. Section 2, not involved here, makes it unlawful to operate a trailer coach park within the Village limits. Section 3 requires, as a condition to locating an individual trailer in the Village, that the owner obtain written consent of a majority of property owners in the block. Section 4 is concerned with applications and requires, *inter alia,* a description of the trailer and a plat showing its location on the lot. Section 5, entitled "License Fees," provides as follows: "It shall be unlawful to establish, operate or maintain a trailer coach in the Village of Roxana without having obtained a license therefor. The annual license fee shall be as follows: Trailer Coaches 50 feet long and longer shall be charged $150.00 per year. Trailer Coaches 40 feet long to 50 feet long shall be charged $140.00 per year. Trailer Coaches 30 feet long to 40 feet long shall be charged $130.00 per year. Trailer Coaches under 30 feet shall be charged $75.00 per year. All Trailer Coaches parked or located within the Corporate Limits of the Village of Roxana shall apply for and pay said license fee on or about August 1st, 1966, and August 1st, in each year thereafter." Remaining sections require connections with village water and sewer mains, a site of not less than 6000 square feet, and 20-foot setbacks from lot lines.

Defendants are owners of a lot on which they maintained three mobile house trailers. A license fee was payable in the amount of $150 for each. It is undisputed that the Village has no zoning ordinance and that there are no

license fees or minimum area and setback restrictions for houses. Defendants contend first that because houses are not subject to similar regulations the ordinance works an unlawful discrimination against the owners of trailers. We cannot accept the argument. Every legislative act is discriminatory in the sense that it is inclusive as to some class and exclusive as to the remainder. A classification is not arbitrary when there is a reasonable basis for the differentiation. (*Father Basil's Lodge, Inc.* v. *City of Chicago*, 393 Ill. 246.) This court has recognized that "The modern trailer or mobile home, both vehicle and residence, does not fit neatly into conventional categories of land use. \* \* \* The necessity for special treatment of trailer parks, partaking both of commercial and residential use, has been universally recognized." (*Rezler* v. *Village of Riverside*, 28 Ill.2d 142, 148.) After careful consideration we cannot say there is no fair reason for making the requirements applicable to trailers and not to houses.

Defendants object to the license fee, claiming it bears no relation to the additional burdens on the Village. The contention is based upon little more than bare assertion, however, no proof having been made of the cost of inspection and other services performed by the Village, and no evidence being offered to show that the fees will greatly exceed the expenses of administration. It is true that the license fee which a municipality may exact is limited to an amount which will bear some reasonable relation to the additional burdens and expenses incurred by it, but the mere probability that the license fee may exceed, in some degree, the expense of issuing the license and making inspections will not render the ordinance invalid as a revenue measure. (*Larson* v. *City of Rockford*, 371 Ill. 441.) The burden of proof was upon the defendants to show lack of any reasonable relation between the fee and the cost of enforcement. This they have not done. Nor can we accept the argument that since the rate varies according to the size

of the trailer it is in fact shown to be a tax rather than a license. The only evidence in the record bearing upon the point is the testimony of a Village trustee that it takes longer to inspect a bigger trailer. Obviously this hardly suffices to show a lack of justification for the difference in fees.

Defendants' final contention is that the penalties provided for in the ordinance are not proportioned to the nature of the offense, as required by section 11 of article II of the constitution. No authority is cited nor is any argument made beyond making the bare contention. Presenting a question in this manner fails to comply with the rules of this court and no consideration can be given to the point here. *Littell* v. *City of Peoria,* 374 Ill. 344.

For the reasons stated herein we conclude that section 5 of the ordinance has not been shown to be invalid, and that the circuit court erred in quashing the warrant. The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*