105 Ill. App.2d 459 (1969)
245 N.E.2d 521
Uptown Federal Savings and Loan Association, Plaintiff-Appellant,
v.
Howard Collins, et al., Defendants-Appellees.
Gen. No. 52,246.
Illinois Appellate Court  First District.
February 10, 1969.
*460 Gomberg, Levin and Rosen, of Chicago (Edward I. Rosen and Robert J. Sharfman, of counsel), for appellant.
D. Adolphus Rivers, of Chicago, for appellees.
SCHEINEMAN, J.
The plaintiff was the holder of a note issued in behalf of Tyre Lodge #70, a Masonic organization. It appears to be a printed form provided by the plaintiff with blank spaces filled by ink handwriting. It was signed at the lower right "Tyre Lodge #70 by Howard Collins, W.M., President, Hilton Stewart, Sec'y, Attest (embossed seal)." At the lower left appeared the signatures of Howard Collins, W.M. and Hilton Stewart, Secretary, also four other names, in all but one case there was added the word "Trustee." Above this column of names there was typed or printed the word "individually."
Litigation over this instrument against the six individuals, but not against the lodge, culminated in a judgment in favor of the defendants, from which the plaintiff appealed.
*461 The defendants contended that they had signed the instrument in a representative capacity as officers and trustees of the lodge, and were not individually liable. The plaintiff admits this as to the signatures at the lower right but argues that this was sufficient to bind the lodge, so that repetition of the signatures at the lower left, plus additional names, indicate that they were to be individually liable.
The law as to the effect of adding to a signature words indicating a representative capacity was in a state of confusion for many years with the various states having different rules. Then the Negotiable Instruments Law, adopted in Illinois, specified the effect of such wording under varying states of facts. When that law was repealed in Illinois by the adoption of the Uniform Commercial Code, a similar provision appeared as section 3-403 thereof in chapter 26, Ill Rev Stats. The pertinent portion thereof is:
"(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity."
From this it would appear that the defendants classified as signers in a representative capacity, since there is the name of an organization preceded or followed by the individuals' names followed by their purported titles. But the plaintiff contends this is partly negated by the same names appearing again, among others, and all are under the word "individually."
The trial judge considered there was some ambiguity and therefore admitted evidence in explanation. There is nothing in the statute about parol evidence but it was very common in many states to admit parol evidence to ascertain the capacity in which a person signed, especially if it appeared to be ambiguous.
*462 The evidence introduced thereupon showed that at a regular meeting the lodge directed the trustees to "get heat" in their building.
Thereafter the trustees met with a Mr. Rafalson, a contractor, who proposed to install heat equipment. For this purpose he explained the required financing was to be obtained by a loan. He had previously asked who were the officers and trustees of the lodge and what was their credit standing. He was supplied with a list of the names with credit information. From this he prepared applications for credit to be signed by each trustee. He explained this was to show the bank the calibre of membership in the lodge and that the loan was duly authorized.
At the meeting with the trustees he had them sign a number of papers which he said were necessary to "get heat." Each trustee signed his credit application, also the note and a completion certificate, although the work was not even started.
It was stated at this meeting that any document affecting the property of the lodge must be executed by five to seven trustees. The elected officers who signed as president and secretary were also trustees ex officio, so there were six trustees who signed the note.
There was some dispute as to the existence of the word "individually" at the time of signing, and some assertion that the body of the note was covered by a slip of paper so they could not read it when signing. The trial judge indicated he gave no credence to these statements. However, he regarded the requirement of five to seven signatures of trustees explained the reason for the signatures at the lower left.
[1] It is the opinion of this court that the apparent ambiguity presented a question of fact, which justified the hearing of parol evidence in order to resolve it.
*463 [2] "Extrinsic evidence is admissible to show the intention of the parties, and the capacity in which they signed the instrument, and this intention is controlling in determining their liability." 28 ILP, § 94, Tampa Investment & Securities Co. v. Taylor, 272 Ill. App. 541.
[3] The appellant contends that because the body of the note indicates joint and several liability, that this is controlling. This court holds where the evidence indicates the intention to sign in a representative capacity the signers do not become individually liable by reason of the use in the body of the instrument of words indicating joint and several liability. Treager v. Totsch, 322 Ill. App. 75, 53 NE2d 719.
It is notable that when Mr. Rafalson was asking for credit information, he did not suggest or ask for a list of names of people of good credit standing who would sign the note individually, so as to induce some one to make the loan. He asked for the names of officers and trustees. This was a very plain indication that they were to sign in a representative capacity only. Thus, the trustees had good reason to assert they were not intending to be individually liable.
In this case the note on its face meets the legal requirement that "the name of an organization preceded or followed by the name and office of an authorized individual, is a signature made in a representative capacity."
The parol evidence resolved any ambiguity by showing the actual intention of the parties.
The plaintiff argues that this is not sufficient under the law, for it requires that the persons purporting to sign in a representative capacity must be "authorized individuals." It is asserted that authority in general terms to do something, does not include the power to borrow money on the credit of the principal. This is true in some cases, but in this case there is uncontradicted testimony *464 that the signatures of five to seven trustees could bind the lodge as to its property. Thus they could borrow money on a judgment note with a confession of judgment clause and the claim of lack of authority must be overruled.
[4] We conclude that the evidence supports the finding of the trier of fact and that the law was correctly applied. The judgment is affirmed.
Affirmed.
ALLOY, P.J. and STOUDER, J., concur.