ATLANTA NATIONAL BANK, Plaintiff-Appellant *v.* JOHNSON TRACTOR SALES, Defendant-Appellee.

(No. 11236;

Fourth District—February 25, 1971.

Paul J. Knapp, of Lincoln, for appellant.

Daniel W. Handlin and Thomas F. Walsh, both of Lincoln, for appellee.

Mr. JUSTICE CHAMBERLAIN delivered the opinion of the court:

The defendant, Johnson Tractor Sales, (Nelson E. Johnson,) executed two promissory notes to Colaw Ford Sales which were endorsed to the plaintiff, Atlanta National Bank, an Illinois Banking Institution. The notes were subsequently entered in judgment by the plaintiff against the defendant. The trial court allowed a motion to vacate and set aside. Trial then was held before the court and judgment was entered on behalf of the defendant.

Plaintiff appeals on two grounds (1) that the trial court erred in setting aside the confession of judgment and (2) that the finding of the trial court in favor of the defendant is against the manifest weight of the evidence.

In order for a party to be able to open a judgment, he must comply with Supreme Court Rule 276, (Ill. Rev. Stat., 1967, ch. 110-A, par. 276) which states:

"A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 191 for summary judgments, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a *prima facie* defense on the merits to the whole or a part of the plaintiff's demand, the

court shall set the motion for hearing. The plaintiff may file counter-affidavits. If, at the hearing upon the motion, it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand and that he has been diligent in presenting his motion to open the judgment, the court shall sustain the motion either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown * * *."

The requirement for the proper affidavits is contained in Rule 191, (Ill. Rev. Stat., 1967, ch. 110A, par. 191) which states:

"(a) Requirements. Affidavits in support of and in opposition to a motion for summary judgment and affidavits under Section 48 of the Civil Practice Act shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto * * *."

■■ The trial court has wide discretion in granting a motion to set aside a judgement by confession. *Pirie v. Carroll*, 28 Ill.App.2d 181 (1960).

The defendant filed a petition with a proposed answer. No affidavits were initially filed. An affidavit was subsequently filed. Plaintiff moved to strike both on the grounds they failed to comply with Rule 191. The motion was denied.

■■ While the petition did contain language that was surplusage and argumentative, and abundant with conclusions, it did contain sufficient facts to allege a *prima facie* defense, which warranted the trial court to vacate the judgment.

Consequently, the trial court did not err in opening the judgment by confession.

Thereafter, the cause proceeded to trial in which the judgment was set aside.

The defendant and Colaw Ford Sales, hereinafter referred to as Colaw, were engaged in the purchase and sale of motor vehicles.

The defendant would acquire a car from Colaw for resale and as security for the car would execute and deliver a promissory note.

When the defendant found a customer, it would either pay off the note or make other arrangements for financing the transaction. At that time, the note would then be surrendered and evidence of title would be given and transferred to the customer. Evidence of title was by either a certificate of title or a certificate of origin.

In this transaction the defendant executed the two promissory notes

on September 1, 1967 and on September 28, 1967, respectively. The notes were payable to Colaw. When the notes were delivered the defendant received a 1967 Ford automobile for each note.

Colaw then endorsed the notes over to the plaintiff.

Subsequently, on November 27, 1967 defendant paid the plaintiff the interest on the note of September 27, 1967, and the note was renewed with the payee being Colaw. The same procedure was followed with respect to the September 1, 1967 note on December 18, 1967.

In neither instance was the note endorsed or assigned to plaintiff at the time of execution. The evidence is unclear as to the precise date the notes were endorsed by Colaw to the plaintiff. It appears from the record that the endorsements were made in either April or May of 1968. No evidence of title was delivered to defendant either at the time the notes were executed or endorsed.

Judgment by confession on each note was on July 18, 1968.

Defendant contends he has no liability in this cause because titles to the cars in question were never delivered to him. The cars were subsequently returned on February 18, 1968, because, according to the defendant, you cannot sell a car without a title. Therefore, he claims there was no consideration for the notes.

Colaw apparently was experiencing severe financial difficulties throughout the period of time involved in this case. In an effort to get out of the financial troubles Colaw was shuffling certificates of origin on various cars. Delivery of evidence of title on the two cars in question could not be made because title had been transferred to someone else.

The bank contends that it was a holder in due course in taking the notes, as it had no knowledge of any fraud or misrepresentation by Colaw in its transaction. If the bank was a holder in due course, any defense the defendant had against Colaw would not be available in this action. *Stewart v. Monroe,* 62 Ill.App.2d 414 (1965).

In order for a party to qualify as a holder in due course he must comply with *section 3—302 of the Uniform Commercial Code,* (*Ill. Rev. Stat., 1967,* ch. 26, par. 3—302) which states:

"(1) A holder in due course is a holder who takes the instrument
    (a) for value; and
    (b) in good faith; and
    (c) without notice that it is overdue or has been dishonored
        or of any defense against or claim to it on the part of
        any person."

■■ Normally, whether or not a party is a holder in due course is a question of fact for a jury, or in this case, for the court to decide. *Foncannon v. Lewis,* 327 Ill. 455 (1927).

The evidence does not support plaintiff's contention that it was a holder in due course. Assuming that at the time of the making of the first notes, the bank was a holder in due course, it does not follow that the bank retained this status on the new notes, which was in the spring of 1968.

Between the time the notes were made and endorsed, plaintiff became aware of the fact there had been a failure of consideration for the notes.

James A. Ash, Jr., who was an official in the plaintiff bank, testified that Colaw was in severe difficulties in January, 1968 and not in good condition even in September, 1967. The bank had stopped taking new security paper from Colaw before the end of 1967 and that Colaw had no titles or certificates of origin on the vehicles in question after the notes had been renewed. The cars had been returned prior to the time the plaintiff received the notes.

In March, 1968, the plaintiff took over the operation of Colaw.

The defendant testified that he had contemplated legal action against Colaw because he had not received the titles. He deferred this action at the request of Mr. Ash, who indicated to him that the action would upset the apple cart and that no one would get anything.

■■ Therefore, it is very clear that when plaintiff received the notes, it knew the defendant had failed to receive any evidence of title and that the cars had been returned. Since the defendant did not receive the titles, there was a failure of consideration. Consequently, the trial court's determination that plaintiff was not a holder in due course is supported by the evidence. *Renfrow v. Kramer* (1930), 341 Ill. 398.

The final contention raised by plaintiff is that the trial court decided the case on an issue not raised by the pleading, which was lack of consideration. While the pleadings are unclear and confusing to some extent, the issue of lack of consideration was raised by the pleadings and was the basis upon which the trial court made its decision.

For reasons set forth herein, the decision of the trial court is affirmed.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.