DANIEL D. MANGIAMELE, Plaintiff-Appellee, *v.* JOSEPHINE TERRANA, Defendant.—(NATHAN S. SHEFNER, Ex'r of the Estate of Josephine Terrana, Deceased, Petitioner-Appellant.)

First District (5th Division) Nos. 76-373, 76-778 cons.

Opinion filed September 10, 1976.

Nathan Shefner, of Chicago, for appellant, *pro se.*

Daniel D. Mangiamele, of Chicago, for appellee, *pro se.*

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

The executor of defendant's estate appeals from an order denying his petition to vacate a judgment by confession. He contends a petition to vacate and set aside a judgment by confession being equitable in nature should be granted where the petition and affidavits disclose a *prima facie* defense.

On January 19, 1976, defendant's executor filed a verified "Petition to vacate and set aside judgment by confession." He alleged that plaintiff was an attorney who had been retained by defendant during her lifetime and had filed a claim against her estate for $2,988.20. The claim was based upon a judgment by confession, entered November 4, 1969, upon a demand note, dated July 21, 1968, and payable to plaintiff in the principal amount of $2,000. He further alleged that plaintiff deliberately withheld any knowledge of the judgment from defendant in order to prevent any defenses she might raise based upon the note's execution or the underlying obligation. He also alleged that defendant was 80 years old in 1968 and could not read nor write in the English language. He prayed for the judgment to be vacated, for plaintiff to file a bill of particulars specifying the items of indebtedness, and for a hearing on the merits.

Plaintiff's verified answer to the petition alleged that he represented defendant in a suit for an accounting regarding certain property brought against her daughters, the heirs to her estate. Defendant made and delivered the promissory note in payment of his legal fees. He stated that a memorandum of judgment was "filed" against her real estate and that letters attempting to collect upon the note were sent to defendant before her death. He also stated that the note was explained to defendant by an interpreter and that she understood the consequences of her acts.

On March 3, 1976, the trial court conducted a hearing on the petition. There is nothing in the record to show what transpired at that hearing other than a memorandum of the trial court's ultimate order. At oral argument, however, both parties admitted that plaintiff appeared at the hearing with two witnesses to the note's execution—one of whom had testified for the executor when defendant's will was admitted to probate. Plaintiff stated that the executor was unable to present one competent witness at the hearing who could support his allegations. The trial court's order denied the petition. Appeal number 76-373 followed from that order.

Appeal number 76-778 is from an order of the probate division of the circuit court of Cook County, entered March 22, 1976, allowing plaintiff's claim against defendant's estate. The appeals have been consolidated on defendant's motion because the issues in both causes are identical.

Opinion

■■■ Defendant's executor contends a petition to vacate and set aside a judgment by confession is equitable in nature and should be granted whenever the petition and affidavits disclose a *prima facie* defense. Initially we note that a judgment by confession no longer is "vacated" or "set aside," but rather is "opened" and the litigants are afforded the opportunity for a hearing on the merits on all claims and defenses involved. (*Marengo State Bank v. Meyers* (1967), 89 Ill. App. 2d 421, 232 N.E.2d 75.) The specific procedure to be followed is contained in Supreme Court Rule 276 (Ill. Rev. Stat. 1975, ch. 110A, par. 276) and we quote that rule in pertinent part:

"A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 191 for summary judgments, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of the plaintiff's demand, the court shall set the motion for hearing. The plaintiff may file counteraffidavits. If, at the hearing upon the motion, it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand and that he has been diligent in presenting his motion to open the judgment, the court shall sustain the motion either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown, and the case shall thereafter proceed to trial upon the complaint, answer, and any further pleadings which are required or permitted. * * *"

Although the executor's petition was neither supported by an affidavit nor accompanied by a verified answer, the record does not show that plaintiff attacked its sufficiency in the trial court and we will not discuss that issue on appeal. Compare *Turner v. Smiley* (1972), 8 Ill. App. 3d 388, 291 N.E.2d 27.

● 3 It is well settled that the party attacking a judgment on appeal must present sufficient facts to support its claim that the trial court erred, and in the absence of an adequate record on appeal, a reviewing court will presume the order entered conforms with the law and is based upon a sufficient factual basis. (*George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684; *Smith v. Pappas* (1969), 112 Ill. App. 2d 129, 251 N.E.2d 390.) Defendant has failed to designate a report of proceedings, a certified report, or an agreed statement of facts in the trial court record on appeal. We will not consider oral statements made on appeal as a substitute for a proper record on appeal. Based upon the record presented to this court, we cannot hold the trial court abused its discretion by denying the petition.

For these reasons the judgment of the circuit court denying the petition in appeal number 76-373 is affirmed. Similarly, the judgment in appeal number 76-778 allowing the claim against the estate is also affirmed.

Affirmed.

BARRETT and DRUCKER, JJ., concur.