AIDAN DONAGHEY *et al.*, Plaintiffs-Appellants, *v.* EXECUTIVE FUNDING CORPORATION, Defendant.—(VINCENT P. SALVIONE, Defendant-Appellee.)

First District (3rd Division)    No. 76-177

Opinion filed February 2, 1977.

James M. Tourek, of Chicago, for appellants.

David J. Zeller, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

On September 24, 1975, the plaintiffs, Aidan and Kathleen Donaghey, obtained a judgment by confession in the circuit court against the defendants, Executive Funding Corporation and Vincent P. Salvione, based upon a promissory note containing a warrant of attorney to confess judgment without service or notice. The judgment, including principal, interest, attorney's fees, and costs, amounted to $3,266.66.

On May 25, 1968, the promissory note was executed in favor of plaintiffs in the amount of $1,000 with an annual interest rate of 20 percent. The note was due on May 25, 1969. The note was signed "Executive Funding Corporation by Vincent P. Salvione, President."

After entry of the confession judgment against both defendants, defendant Salvione was served with a summons to confirm the judgment. Salvione, through his attorney, filed a motion to strike and dismiss the judgment against him. The basis of the motion was that the face of the note revealed that Salvione signed as a representative of the corporation and therefore under Illinois law was not personally liable for the corporate debt.

Plaintiffs filed a motion to strike Salvione's motion. In it they argued that Salvione did not personally swear to the allegations of his motion; that since Salvione signed the note as a corporate officer, the language of joint and several liability in the note created a factual question as to whether the parties intended him to be personally bound; that since the note did not bear the signature of the secretary of the corporation, it did not appear from the face of the note that Salvione executed the note with proper corporate authority; and that on May 24, 1968, Salvione executed an assignment and guaranty in favor of plaintiffs representing a personal undertaking to pay the $1,000 note. A copy of the assignment and

guaranty executed by Salvione was attached to plaintiffs' motion to strike Salvione's motion. Plaintiffs' motion, however, offered no procedural challenge to Salvione's motion to strike. See *Mangiamele v. Terrana* (1976), 42 Ill. App. 3d 305, 355 N.E.2d 765.

The trial court granted Salvione's motion to strike and dismiss the judgment as to him. Plaintiffs appeal. The judgment against Executive Funding is not at issue in this appeal.

Initially we shall consider whether Salvione is personally liable on the note. Illinois statute provides that:

"Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity." Ill. Rev. Stat. 1975, ch. 26, par. 3—403(3).

■■   In the present case, the signature which appears on the promissory note, "Executive Funding Corporation by Vincent P. Salvione, President," is in accord with the statutory description of a signature made in a representative capacity. Therefore, on its face, the promissory note evidences that Salvione executed the note as the representative of the corporation. The confession judgment which was entered on September 24, 1975, was rendered on the basis of the warrant of attorney to confess judgment contained in the note. Since the promissory note was all that was before the court at the time of entry of judgment and since it evidenced that Salvione signed in a representative capacity, his motion demonstrated that the judgment of September 24, 1975, rested upon insufficient legal bases. (*Treager v. Totsch* (1944), 322 Ill. App. 75, 53 N.E.2d 719 (abstract).) And the trial court correctly so held.

■■   Subsequent to that ruling, the record is devoid of any showing that plaintiffs sought to file an amended complaint against Salvione based on the purported assignment and guaranty he had given on the note. Rather, plaintiffs apparently chose to stand upon their original complaint and upon the judgment entered pursuant to the warrant of attorney to confess judgment contained in the note. Under the circumstances, dismissal of the action was warranted.

■■   Plaintiffs also contend that Salvione's motion was defective because the accompanying affidavit was executed by his attorney rather than by Salvione. Supreme Court Rule 191 (Ill. Rev. Stat. 1975, ch. 110A, par. 191) requires that an affidavit be based upon the personal knowledge of the affiant and that if affiant were called to testify, he would be able to testify to the matter contained therein. In the present case, Salvione's "affidavit" merely stated that the promissory note in question was legally insufficient because on its face it demonstrated that Salvione's signature was made in a representative capacity. The "affidavit" recited the statute governing signatures made by representatives on commercial paper, and

a copy of the promissory note was attached. The motion with its accompanying document does not appear to have been an affidavit, but rather a recital of the law. Even if the material could be characterized as an affidavit, the matter to which Salvione's attorney swore was not of such a nature that it could be known and testified to only by Salvione himself.

Plaintiffs finally contend that the procedures employed by the defendant were improper. It is plaintiffs' claim that the cause was improperly assigned to the courtroom in which the motions were heard, and that therefore they were deprived of a full and fair hearing on the matter. The basis of plaintiff's contention is that the matter was set for the confirmation of confession judgments' call in the courtroom of Judge Joseph Gill. Instead of waiting for that date, Salvione's attorney called up his motion for relief before the present judge who originally had entered the judgment by confession.

■■ Plaintiffs raise this issue for the first time on appeal. Thus, it appears that they have waived any objections they might have. Moreover, we see nothing improper in having the judge who entered the judgment considering possible relief from that judgment. Additionally, the record clearly demonstrates that plaintiffs were given every opportunity to present their case, and that they were not denied their right to a full and fair hearing.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

SIMON, P. J., and JIGANTI, J., concur.