KANKAKEE CONCRETE PRODUCTS CORP., Plaintiff-Appellant, *v.* LOUIS J. MANS, d/b/a Master Masons, Inc., Defendant-Appellee.

Third District   No. 78-8

Opinion filed January 29, 1980.

Charles O. Henry, of Kankakee, for appellant.

Robert Boyd, of Kankakee, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff Kankakee Concrete Products Corp. obtained a judgment by confession of $5,521.20 in the Circuit Court of Kankakee County against defendant Louis J. Mans, d/b/a Master Masons, Inc., on a promissory note. The defendant subsequently filed a motion accompanied by

affidavit to vacate the judgment on the grounds that the promissory note sued upon was not signed by Louis J. Mans individually but in his capacity as president of Master Masons, Inc., a Delaware corporation. In response, the plaintiff filed a motion to strike and dismiss the defendant's motion to vacate judgment. The plaintiff's motion was accompanied by a counteraffidavit. On May 9, 1977, arguments were heard and the motions taken under advisement. On July 13, 1977, the court vacated the judgment by confession. In its formal order the court specifically found that defendant Mans executed the note not individually but in his representative capacity, and as a consequence the court lacked jurisdiction. Leave to file an amended complaint within 30 days was granted to plaintiff. The court denied the plaintiff's subsequent motions for rehearing and for an extension of time to file an amended complaint, and on December 2, 1977, the plaintiff filed notice of appeal.

The plaintiff raises several issues on appeal: First, did the lower court err in vacating the judgment by confession solely on the basis of the facts contained in the affidavit and counteraffidavit; second, did the lower court err in holding that defendant Mans signed the note in his representative capacity and not individually; third, was it reversible error for the lower court to vacate the judgment by confession when the defendant in his affidavit did not deny that he signed the note individually; and lastly, was the plaintiff deprived of due process of law as a result of the lower court's refusal to accept testimony at the hearing on the motion to vacate.

■■ We note at the outset that Supreme Court Rule 276 (Ill. Rev. Stat. 1977, ch. 110A, par. 276) prescribes a specific procedure to be followed in the opening of a judgment by confession. Some courts have suggested that the procedure contained in Rule 276 should be followed whenever a defendant seeks relief from a judgment by confession. (See *Burkett v. Finger Lake Development Corp.* (1975), 32 Ill. App. 3d 396, 336 N.E.2d 628.) "[A] judgment by confession no longer is 'vacated' or 'set aside,' but rather is 'opened' and the litigants are afforded the opportunity for a hearing on the merits on all claims and defenses involved." (*Mangiamele v. Terrana* (1976), 42 Ill. App. 3d 305, 307, 355 N.E.2d 765, 767. Accord, *Marengo State Bank v. Meyers* (1967), 89 Ill. App. 2d 421, 232 N.E.2d 75.) Accordingly, there are cases in which the court has treated a motion to vacate as a motion to open pursuant to Rule 276. (*Style Builders, Inc. v. Fuernstahl* (1975), 32 Ill. App. 3d 272, 336 N.E.2d 369; *Atlanta National Bank v. Johnson Tractor Sales* (1971), 130 Ill. App. 2d 793, 267 N.E.2d 358.) However, it appears from these cases that a court need not always deal with a motion to vacate a judgment by confession as a motion to open under Rule 276. How the court treats the motion is dependent upon the defendant. If the defendant puts the motion, whatever its caption, as a motion to open under Rule 276, then the procedure of that rule governs. If

the defendant intends the motion to be an actual motion to vacate, and presents it as such, then the provisions of the Civil Practice Act apply (Ill. Rev. Stat. 1977, ch. 110, pars. 68.3, 72). See *Burkett v. Finger Lake Development Corp.* (1975), 32 Ill. App. 3d 396, 403, 336 N.E.2d 628, 634 (Rule 276 governs procedure to be followed in "all ordinary cases"); *Bell Auto Repair & Painting Corp. v. Henderson* (1966), 73 Ill. App. 2d 234, 219 N.E.2d 642.

■■■ In the instant case it is evident the defendant treated the motion as a motion to vacate the judgment by confession and not as a motion to open pursuant to Rule 276. The defendant was not seeking to open the judgment for the purpose of obtaining a trial on the merits. The substantive relief sought by the defendant was the vacation of the judgment on jurisdictional grounds. Because the relief sought by the defendant was a setting aside of the judgment, and because the motion was filed more than 30 days after the judgment was entered, the court considered the motion to be a petition to vacate under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72; see *Bell Auto Repair & Painting Corp. v. Henderson* (1966), 73 Ill. App. 2d 234, 219 N.E.2d 642). We will do the same. We also note that no brief was filed in the case by the defendant/appellee. However, because the record is simple and the alleged errors easily resolved, we will consider the merits of plaintiff's appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■■ The first contention made by plaintiff in urging this court to reverse the order of the circuit court is that the circuit court erred in vacating the judgment by confession solely on the basis of the facts contained in the affidavit and counteraffidavit. We find the plaintiff's contention to be without merit. The record reveals that oral arguments were heard on the motion. In fact, it is apparent that during oral argument on the motion counsel for defendant cited to the court the case of *McAteer v. Menzel Building Co.* (1973), 13 Ill. App. 3d 394, 300 N.E.2d 583, in support of the proposition that an officer of a foreign corporation which transacts business in the State of Illinois without a certificate of authority as required by the Business Corporation Act cannot be held individually liable for damages arising from breach of contract. Both the plaintiff and defendant subsequently filed memoranda of law with the court on the subject of the applicability of *McAteer* to the instant case. In its order of July 13, the court stated it had fully considered not only the motions and affidavits of both parties but also the briefs filed by counsel and the arguments made at the hearing. The allegation made by plaintiff that the court made its judgment solely on the basis of the affidavits is, in light of the foregoing, spurious.

The plaintiff's second contention is that the circuit court erred in

finding Mans signed the note as president of Master Masons, Inc., and not individually. The note was signed as follows:

"(s) Master Masons Inc.

MASTER MASON'S, INC. Louis J. Mans

(s) Louis J. Mans Pres.

INDIVIDUALLY"

■■■ The governing statutory provision is section 3—403(2), (3), of the Uniform Commercial Code (Ill. Rev. Stat. 1977, ch. 26, par. 3—403(2), (3), which provides:

"(2) An authorized representative who signs his own name to an instrument

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;

(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

(3) Except as otherwise esablished the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity."

There can be no doubt that Mans' signature falls within the purview of section 3—403(3). The name of the corporation was followed by Mans' signature and his office. Therefore, on its face the note evinces that Mans signed in his representative, and not individual capacity (see *Donaghey v. Executive Funding Corp.* (1977), 45 Ill. App. 3d 951, 360 N.E.2d 472; *Uptown Federal Savings & Loan Association v. Collins* (1969), 105 Ill. App. 2d 459, 245 N.E.2d 521; Restatement (Second) of Agency §156, comments a,c (1958). But see *Harris v. American General Finance Corp.* (1977), 54 Ill. App. 3d 835, 368 N.E.2d 1099 (dicta)). The plaintiff alleges that it is clear from the face of the note that Mans signed individually, relying entirely on the appearance of the word "individually" typed on the line below Mans' signature. However, what is of concern to us is how Mans signed the note. It is our opinion that he intended to sign, and did in fact sign, the note in his representative capacity. In addition, although the body of the note indicates joint and several liability, this is not controlling when the capacity in which the signature is made is clear (*Uptown*

*Federal Savings & Loan Association*). We believe the circuit court was correct in finding that Mans did not sign the note in such a way as to bind him personally.

As concerns the final two contentions of plaintiff, we reject his position that the vacation of the judgment by confession was erroneous because defendant's affidavits in support of the motion to vacate did not contain an express denial that the note was signed individually. In paragraph 3 of the affidavit, defendant states "at no place on said Note is there an execution by your Affiant, individually." We consider this to be an express denial. Finally, we decline to consider the plaintiff's contention that the refusal of the trial court to hear testimony at the hearing on the motion was a violation of plaintiff's due process rights. The entirety of plaintiff's argument on this point is as follows: "[I]ts Order Vacating the Judgment without taking testimony deprives the Plaintiff of due process of law by making it res judicata whether or not the Defendant had authority to execute the note in question and whether or not the note in fact was executed in a dual capacity, as president and individually." We are of the opinion that this argument does not square with the Supreme Court rule prescribing the contents of the appellant's argument on appeal (Ill. Rev. Stat. 1977, ch. 110A, par. 341(e)(7)). Rule 341(e)(7) provides that the appellant's argument "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." In this case the plaintiff's argument on this issue is nothing more than the bare contention that its due process rights were violated by the court's refusal to accept testimony at the hearing. There is no authority cited to us in support of the plaintiff's contention, nor are there any references to the record. The presentation of plaintiff's argument is not in compliance with Supreme Court Rule 341(e)(7), and therefore we will not consider its merits. (*Village of Roxana v. Costanzo* (1968), 41 Ill. 2d 423, 243 N.E.2d 242. See *Kramlich v. Home Federal Savings & Loan Association* (1974), 26 Ill. App. 3d 430, 325 N.E.2d 657.) Even if we found that the plaintiff's argument complied with the minimum requirements of Rule 341(e)(7), however, we would still decline to consider it for two reasons. First, the plaintiff's assertion that there had been a due process violation is made with insufficient specificity (see *Janson v. Pollution Control Board* (1979), 69 Ill. App. 3d 324, 387 N.E.2d 404). Secondly, the plaintiff's due process argument was waived because nowhere in the record does it appear that the trial court did in fact refuse to hear the testimony offered by the appellant at the hearing on the motion to vacate, or otherwise. "It is the responsibility of the appellant to supply the court on appeal with everything in the record necessary to decide the issues presented for review." (*Lescher v. Barker* (1978), 57 Ill. App. 3d 776, 783, 373 N.E.2d 1007, 1013.) The record provided by the-

plaintiff merely indicates that the case was called, arguments heard, and the motions taken under advisement. Without a verbatim transcript of proceedings, this court is unable to ascertain what occurred. The base assertion in the plaintiff's brief that no testimony was taken, unsupported by evidence in the record, cannot serve as a substitute therefor (*City of Chicago v. Hutter* (1978), 58 Ill. App. 3d 468, 374 N.E.2d 802), and prevents us from considering the merits of this particular argument by plaintiff on review.

For the foregoing reasons, the order of the Circuit Court of Kankakee County is affirmed.

Affirmed.

STENGEL and SCOTT, JJ., concur.