FRANK GIRONDA *et al.*, Plaintiffs-Appellants, v. RALPH W. PAULSEN, Defendant-Appellee (Bayport Operating, Inc., Defendant).

Second District   No. 2—92—0263

Opinion filed December 21, 1992.

Eric J. Lieberman, James P. Palermini, and James M. Charlton, all of Huck, Bouma, Martin & Charlton, P.C., of Glen Ellyn, and John V. Roscich, of Roscich & Roscich, of Naperville, for appellants.

Peter B. Shaeffer and Tim Biasiello, both of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs, Frank and Barbara Gironda, appeal the order of the circuit court dismissing count I of their amended complaint against defendant Ralph Paulsen. On appeal, plaintiffs contend that the trial court improperly applied the doctrine of election of remedies in dismissing count I.

According to plaintiffs' complaint, they agreed to purchase from Paulsen and codefendant Bayport Operating Company (Bayport) a number of gas and oil leases for $94,887.50. Plaintiffs subsequently learned that Paulsen had made material misrepresentations with regard to the oil and gas leases. In an attempt to settle the dispute, plaintiffs and Paulsen entered into an agreement whereby Paulsen ex-

ecuted a promissory note payable to plaintiffs. The note called for seven installment payments, the final one being due August 25, 1990.

In exchange for Paulsen's execution of the note and making the payments, plaintiffs agreed to forbear from suing Paulsen or Bayport on the underlying agreement. Paulsen, however, failed to make any of the installment payments called for by the note.

On August 1, 1990, plaintiffs filed their original complaint. That pleading was dismissed without prejudice, and, on December 5, 1990, plaintiffs filed their amended complaint. Count I of the amended complaint sought enforcement of the note against Paulsen. Count IV alleged a cause of action under the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1989, ch. 121½, par. 261 *et seq.*) against Paulsen and Bayport based on the original sale of the leases. The complaint contained two additional counts which are not at issue in this appeal.

Paulsen filed a motion for judgment on the pleadings on count I. The motion alleged a failure of consideration for the note, since plaintiffs had breached their promise to forbear from suit on the underlying contract by filing count IV. The court granted the motion, stating, "I believe if Count I stands, it creates the potential for a windfall from [*sic*] plaintiff in this particular case."

Plaintiffs later dismissed voluntarily the remaining counts of the complaint, and the court's prior order was made final and appealable pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301). Plaintiffs filed a timely notice of appeal.

On appeal, plaintiffs make two related contentions. They first argue that they could maintain a suit on the note where defendant had previously breached the agreement by failing to make the installment payments. Secondly, they contend that the court improperly applied the doctrine of election of remedies to grant judgment on the pleadings to Paulsen on count I. They contend that they were not estopped from suing on the original agreement while also maintaining a suit on the settlement agreement.

In response, Paulsen raises numerous issues. In general, defendant contends that plaintiffs cannot sue on the note, since their simultaneous filing of count IV, based on the underlying sale of the leases, constitutes a failure of the consideration for the note whereby plaintiffs agreed to forbear from such a suit. Defendant further contends that causes of action based simultaneously on the settlement agreement and the underlying contract are fundamentally inconsistent, so that plaintiffs may not properly maintain both causes of action.

■ Generally, sections 2—604 and 2—613(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, pars. 2—604, 2—613(b)) permit alternative pleading, even where the counts are contradictory or inconsistent. (*Wegman v. Pratt* (1991), 219 Ill. App. 3d 883, 895.) Thus, a plaintiff may seek alternative relief on contradictory causes of action such as breach of contract or *quantum meruit*. (*Concord Industries, Inc. v. Harvel Industries Corp.* (1984), 122 Ill. App. 3d 845.) "[T]he fact that the plaintiff could only recover for *one* cause of action does not require him to make an election, nor does it justify the dismissal of the suit by the trial court." (Emphasis added.) *Downs v. Exchange National Bank* (1959), 24 Ill. App. 2d 24, 30.

■ The election of remedies doctrine applies in cases of alternative pleading only where the opposing party has substantially altered his position in reliance on the plaintiff's choice. This is known as the "estoppel theory" of election of remedies. *Altom v. Hawes* (1978), 63 Ill. App. 3d 659, 662-63.

A case with facts somewhat similar to those of the instant case is *Hopkins v. Holt* (1990), 194 Ill. App. 3d 788. In that case, plaintiff settled a malpractice action, but defendant's insurer filed bankruptcy. The court refused to hold defendant personally liable under the circumstances, but permitted plaintiff to vacate the original judgment of dismissal. The appellate court found no election of remedies problem where there was no possibility of a double recovery, defendant had not changed his position in reliance on the settlement, and there was no *res judicata* bar to the second action. *Hopkins*, 194 Ill. App. 3d at 797.

■ In the instant case, unlike *Hopkins*, plaintiff is seeking alternative relief in the same action. This fact, however, should not produce a different result. As in *Hopkins*, the plaintiffs have been placed in an untenable position through no fault of their own. They should have the option at this stage of the proceedings of enforcing the settlement agreement *or* seeking a remedy pursuant to the underlying contract. By ignoring his obligation under the note, defendant should not be able to force plaintiffs into an election of remedies at the beginning of the case.

Defendant contends that he has been prejudiced because plaintiffs' count under the Consumer Fraud Act seeks punitive damages and attorney fees. However, this does not represent a change of position by defendant in reliance on plaintiffs' election. Rather, it is a consequence of defendant's breach of the settlement agreement. Moreover, since both counts were filed in the same action, there is no *res judicata* bar.

Defendant complains, however, that by filing count IV based on the underlying sale of the leases, plaintiffs have caused a failure of consideration for the settlement agreement. Defendant points out that a promise to forbear from suit, unlike other types of promises, cannot subsequently be enforced once it has been broken. Now that plaintiffs have filed suit on the original contract, they can no longer forbear from doing so.

Plaintiffs respond that the promise itself was the consideration for the settlement agreement, citing *A.C. Allyn & Co. v. Tager* (1966), 78 Ill. App. 2d 228. Plaintiffs further contend that, when defendant breached the agreement by failing to make the installment payments, further performance was excused. We agree.

The failure to make installment payments of the contract price is a substantial breach of the contract and excuses the other party's performance. (*F.E. Holmes & Son Construction Co. v. Gualdoni Electric Service, Inc.* (1982), 105 Ill. App. 3d 1135, 1140.) Where defendant breached the agreement by failing to make any of the installment payments, plaintiffs were entitled to treat the contract as breached. They thus have the option to maintain an action on the note or to sue pursuant to the original agreement.

Defendant also contends that the absence of an acceleration clause in the note precluded plaintiffs from seeking the full amount of the note. This argument ignores the fact that plaintiffs' amended complaint was filed after the note's maturity date.

Since plaintiffs may maintain alternative causes of action, it follows that the court erred in dismissing count I of their amended complaint. The order dismissing count I is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS, P.J., and BOWMAN, J., concur.