**McCoy GILMORE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17521.**

United States Court of Appeals Fifth Circuit.

Feb. 26, 1959.

Certiorari Denied May 18, 1959. See 79 S.Ct. 1126.

William F. Walsh, Houston, Tex., for appellant.

Norman W. Black, Asst. U. S. Atty., Houston, Tex., William B. Butler, U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

Presented here is the significant question whether the interplay of F.R.Crim. P. 29, 18 U.S.C.A., requiring direction of a judgment of acquittal for insufficiency of evidence, and the Fifth Amendment's guaranty against double jeopardy,[1] transmutes the order of a new trial after a mistrial from a hung jury into a "final decision" within our appellate jurisdiction under 28 U.S.C.A. § 1291. If not, we are compelled to dismiss the appeal.

For these purposes, the case may be swiftly compressed. Gilmore was tried and convicted for narcotics violation. He appealed and we reversed for a new trial. Gilmore v. United States, 5 Cir., 1958, 256 F.2d 565. Subsequent to reversal an additional indictment concerning the same transaction was returned. After consolidation of both indictments, he was tried a second time. However, after submission to it, the jury could not agree and a mistrial was entered. The District Court thereafter received, entertained, and heard, arguments on a motion under F.R.Crim.P. 29(b) to enter judgment of acquittal on the ground that the evidence was insufficient to sustain conviction. This motion was denied and the Court ordered that the case stand for a new trial. Ostensibly this appeal is from the order denying the motion for judgment of acquittal.

In our disposition we do not reach the merits. We may, however, assume *arguendo* that the evidence was not sufficient and that the Court should have entered the judgment of acquittal under Rule 29. But to assume (1) error, and (2) a court order as its genesis, is not enough. True, an appeal in a criminal case is provided as a matter of statutory right, 28 U.S.C.A. § 1291. But that appeal, and our jurisdiction, is confined to "final decisions."[2]

■■ Denial of a motion for judgment of acquittal would not ordinarily meet the test of finality. "Final judgment in a criminal case means sentence. The sentence is the judgment. * * * In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation * * * on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.'" Berman v. United States, 1937, 302 U.S. 211, 212–213, 58 S.Ct. 164, 166, 82 L.Ed. 204. See also Parr v. United States, 1956, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377; Cobbledick v. United States, 1940, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783; Cogen v. United States, 1929, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275; Alexander v. United States, 1906, 201 U.S. 117, 26 S.Ct. 356; 50 L.Ed. 686.

With great earnestness and a skill which presses out the very last drop of merit in the materials at hand, appellant's counsel urges that the order was final since it disposed finally of the claimed right not to be twice tried for the same offense.[3] From this the argument runs somewhat along these lines. (1)

1. U.S.Const., Amend. 5, provides, " * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; * * *."

2. "The court of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States * * * except where a direct review may be had in the Supreme Court." 28 U.S.C.A. § 1291.

3. As a summary of this approach, appellant cites us to these words in United

States v. Cefaratti, 1952, 91 U.S.App.D.C. 297, 202 F.2d 13, 16:
"An order that does not 'terminate an action' but is, on the contrary, made in the course of an action, has the finality that § 1291 requires for an appeal if (1) it has a 'final and irreparable effect on the rights of the parties', being 'a final disposition of a claimed right'; (2) it is 'too important to be denied review'; and (3) the claimed right 'is not an ingredient of the cause of action and does not require consideration with it.'"

Rule 29 imposes (at least at the end of the case) a mandatory duty on the judge to enter a judgment of acquittal if the evidence is insufficient.[4] (2) If the Court fails to perform this duty, there is no effective corrective action available if a direct appeal does not lie. (3) This is so because if appeal must be postponed until after the second trial and taken from that judgment of conviction, the matter for appellate review will not be the correctness of the court's action at the second trial, but the denial of the judgment of acquittal at the end of the first trial. (4) This means that the second trial and its record is superfluous to this question which cannot be eradicated. (5) Worse, this has all been required and done in defiance of the constitutional rights of an accused, since "The prohibition is not against being twice punished, but against being twice put in jeopardy; and the accused, whether convicted or acquitted is equally put in jeopardy at the first trial."[5] United States v. Ball, 1896, 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 41 L.Ed. 300.

■■ We think this analysis is unconvincing and that, indeed, it begs the question. At the outset, the guaranty against double jeopardy has not yet been carried this far. For over one hundred twenty-five years a retrial after mistrial from a hung jury[6] has not been considered a denial of this constitutional right. United States v. Perez, 1824, 9 Wheat. 579, 22 U.S. 579, 6 L.Ed. 165. See also, United States v. Swidler, 3 Cir., 1953, 207 F.2d 47, certiorari denied, 346 U.S. 919, 74 S.Ct. 274, 98 L.Ed. 411. Nor does it prohibit a new trial even though the reversal of the initial conviction is for want of sufficient evidence. Bryan v. United States, 1950, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335, 336, which affirmed this court 1949, 175 F.2d 223. And see Gondron v. United States, 5 Cir., 1958, 256 F.2d 205, certiorari denied 358 U.S. 865, 79 S.Ct. 96, 3 L.Ed.2d 98.

■ But even if it were assumed that the second trial was forbidden as double jeopardy, that does not invest us with jurisdiction to vindicate such right. The Constitution does not guarantee an appeal. That comes wholly from the statute. There are many instances in which it is ultimately determined that constitutional rights have been violated. But

4. "Rule 29. Motion for Acquittal

"(a) *Motion for Judgment of Acquittal.* Motions for directed verdict are abolished and motions for judgment of acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right.

"(b) *Reservation of Decision on Motion.* If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the motion is denied and the case is submitted to the jury, the motion may be renewed within 5 days after the jury is discharged and may include in the alternative a motion for a new trial. If a verdict of guilty is returned the court may on such motion set aside the verdict and order a new trial or enter judgment of acquittal. If no verdict is returned the court may order a new trial or enter judgment of acquittal." F.R.Crim.P. 29, 18 U.S.C.A.

5. This was quoted in Green v. United States, 1958, 355 U.S. 184, 187, note 5, 78 S.Ct. 221, 2 L.Ed.2d 199. See also Ex Parte Lange, 1874, 18 Wall. 163, 85 U.S. 163, 169, 21 L.Ed. 872: "The common law not only prohibited a second punishment for the same offence, but it went further and forbid a second trial for the same offence, whether the accused had suffered punishment or not and whether in the former trial he had been acquitted or convicted."

6. Rule 29(b), note 3, supra, expressly provides for this. " * * * If no verdict is returned the court may order a new trial or enter judgment of acquittal."

the nature of the asserted right, i.e., a constitutional one, does not distinguish appellate review of any such question from the assertion of other rights, whether statutory or common law, or from a procedural rule. At least so long as a criminal case is pending, review of such matters, as for example, unlawful search and seizure, unlawful arrest, unlawful detention, unlawful indictment, unlawful confession, must await the trial and its outcome. This is so even though, at the end of that trial, or an appeal from the judgment of conviction, it is ultimately determined [7] that the violation of the constitutional right compels an acquittal. When that is the outcome, the individual accused may claim in a very real sense to have been subjected to a trial that ought never to have taken place. Congress might, as it has recently done in a very limited way for civil matters, 28 U.S.C.A. § 1292(b), provide for interlocutory appeals to test such questions prior to trial and a final judgment in the traditional sense. Until Congress does so, the individual affected is witness to the fact that, "Bearing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship." Cobbledick v. United States, 1940, 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783.

The Constitutional right, or the asserted violation of it, does not bridge the gap of appellate statutory jurisdiction. Nor, for like reasons, does it, through some reverse process, expand the term "final decision" into something which, contrary to a long-settled Congressional policy, amounts in actuality to piecemeal review.

Appeal dismissed.

7. Except as may be modified by the recent interlocutory appeals amendment, 28 U.S.C.A. § 1292(b), the result in a civil case is similar. After denial of motion for J.N.O.V. under F.R.Civ.P. 50(b), 28 U.S.C.A., no appeal lies from an order granting a new trial. The propriety of such action, to the extent it is reviewable at all, may be tested only by appeal from the judgment in the second trial. See, e. g., Marshall's U. S. Auto Supply, Inc. v. Cashman, 10 Cir., 1950, 111 F.2d 140; Finn v. American Fire & Casualty, 5 Cir., 1953, 207 F.2d 113; Aubertin v. State Farm Mutual Auto Ins. Co., 5 Cir., 1958, 252 F.2d 96; Missouri Pacific R. R. v. Fusilier, 5 Cir., 1958, 256 F.2d 278.