**UNITED STATES of America**

**v.**

**Mamie Lee SMITH.**

**Crim. No. 63–68.**

United States District Court
D. Puerto Rico.

Aug. 30, 1968.

Charles E. Figueroa, Asst. U. S. Atty., for plaintiff.

Salvador Antonetti Zequeira, Nachman, Feldstein, Laffite & Smith, San Juan, P. R., for defendant.

## ORDER

FERNANDEZ - BADILLO, District Judge.

On July 24, 1968 defendant filed in this Court a Notice of Motion to Dismiss Indictment upon the grounds that defendant had already been punished for the offense which she presently stands indicted. A hearing was held on said motion on August 9, 1968 at which time the defendant appeared represented by her attorney, Salvador Antonetti Zequeira, Esquire, and Charles E. Figueroa, Assistant U. S. Attorney for this District, appeared on behalf of the plaintiff, United States of America. At said hearing evidence was admitted by this Court on behalf of the defendant consisting of a letter dated June 9, 1967 addressed to the defendant by direction of the Commanding Officer of the United States Naval Station in San Juan, Puerto Rico, advising her that certain privileges had been withdrawn from her for a specified period of time as a result of an incident of striking a member of the United States Navy while attending a softball game on the Naval Station.

For said incident at the Naval Station she is also criminally charged in this Court (Title 18, United States Code, Sections 111 and 7(3)). Said evidence was marked Exhibit A for the defendant. Also at that hearing, a memorandum of law in support of defendant's motion to dismiss indictment was filed and after hearing arguments of both counsel, this Court requested memorandum of law from the plaintiff in support of its opposition to defendant's motion. Plaintiff's memorandum of law in support of its opposition to defendant's motion to dismiss and defendant's reply memorandum have been brought to the attention of this Court and duly considered by it, and the Court at this time being fully advised in the premises, finds that defendant's motion to dismiss indictment is wholly without merits on the following grounds:

1. This Court finds that the defendant was and is the dependent wife of a member of the United States Navy stationed at the United States Naval Station in San Juan, Puerto Rico, and as such she has been residing and was residing at said base at the time the alleged offense was committed.

2. This Court also finds that certain privileges accorded to dependent wives of members of the different branches of the United States Armed Forces were withdrawn from the defendant for a period of six months as a result of an incident with a member of the United States Navy in which she was involved while attending a softball game on the Naval Station where she resides. This action taken by the Commanding Officer of the United States Naval Station was an administrative one for the purpose of maintaining order, safety and well being within the confines of his command and by no means can it be considered a punishment for a violation of the provisions of the United States Criminal Code that would preclude the plaintiff, United States of America, from prosecuting the defendant in a court of law under the doctrine of former jeopardy. Former jeopardy historically has been a defense available to a defendant in a criminal prosecution in a court of law. It is a fundamental principle of common law as well as a right guaranteed by the Fifth Amendment to the Constitution of the United States of America that a person shall not for the same offense be twice put in jeopardy of life or liberty. (Kepner v. United States, 195 U.S. 100, 24 S. Ct. 797, 49 L.Ed. 114; Gillespie v. Walk-

er, 4 Cir., 296 F. 330). A defendant in order to validly raise the defense of former jeopardy before a court of law must have been previously tried before a court with jurisdiction on the subject matter and on the person of the defendant and found either guilty or not guilty or the jury, if trial by jury had been requested, discharged before the rendition of a verdict over the defendant's objection and no circumstances exist calling for or permitting the exercise of the court's discretion to discharge the jury. It has also been frequently stated that the doctrine of former jeopardy is not against double punishment for one single act (Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405, rehearing denied 358 U.S. 858, 79 S.Ct. 13, 3 L.Ed.2d 92) and is not a protection to the individual from the peril of a second sentence or punishment but is a protection against double jeopardy for the same offense, that is, against a second trial for the same offense.

3. This Court finds that the defendant was never tried by a court of law for the offense which she presently stands indicted. The Naval authorities did not subject the defendant to any sort of a trial by competent tribunal. Defendant was only summarily deprived for a limited period of time of the exercise of certain privileges conceded to her by the Commander Officer of the naval installation where she was and is presently residing. It is a basic principle that the doctrine of double jeopardy, in either its constitutional or its common law sense, has a strict application to criminal prosecutions only and does not apply to civil actions, and a civil action, even though it may result in a more severe penalty than a criminal penalty, will not constitute an exposure to jeopardy within the meaning of the double jeopardy rule. (Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917; United States v. Grannis, C.A.4, 172 F.2d 507, cert. den. 337 U.S. 918, 69 S.Ct. 1160, 93 L. Ed. 1727.)

4. This Court further finds that as a matter of law the defendant in the case at bar for the above stated reasons has not been previously exposed to jeopardy within the meaning of the double jeopardy rule. Therefore, defendant's motion to dismiss must be and it is hereby denied.

It is so ordered.