THE CITY OF CHICAGO, Plaintiff-Appellee, *v.* LA SALLE NATIONAL BANK TRUST No. 34471 *et al.*, Defendants—(HENNING HOTEL SYSTEMS CORP. *et al.*, Defendants-Appellants.)

(No. 55855;

First District (2nd Division)—June 10, 1974.

William Henning Rubin, of Chicago, for appellants.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan and Harvey N. Levin, Assistant Corporation Counsel, of counsel), for appellee.

Mr. PRESIDING JUSTICE HAYES delivered the opinion of the court:

On 3 January 1969, the City of Chicago filed a two-count complaint in the Circuit Court of Cook County against the La Salle National Bank as trustee under Trust No. 34471, the Henning Hotel Systems Corporation and the Henning Construction Corporation (both beneficiaries of Trust No. 34471), and the Federal Mortgage Association as mortgagee. The complaint alleged that a six-story building, located at 869 West Buena in Chicago and then being converted by the Henning Corporations from a hotel to an apartment building, violated the Municipal Code of the City of Chicago in several specified respects. Count I of the complaint prayed for a fine against defendants in the amount of $1600 for each day the violations existed. Count II of the complaint prayed for a mandatory injunction, the appointment of a receiver, an order allowing plaintiff to demolish the structure, and for a judgment and lien for demolition costs.

On 24 February 1969, the Federal Housing Authority, as assignee of the Federal Mortgage Association's mortgage on the subject property, filed a bill to foreclose the mortgage in the appropriate Federal district court. Thereafter, a receiver was appointed to collect rents. The decree of foreclosure was entered on 20 June 1969, and both Henning Corporations were enjoined from interfering with the operation of the property. On 1 August 1969, the Standard Securities and Management Company came into possession of the property as agent of the Federal Housing Authority.

The action in the circuit court continued while the foreclosure action was pending and after its termination. On 29 April 1969, the attorney for the Henning Corporations told the trial court of the progress the corporations were making to comply with the Municipal Code. Other hearings and continuances followed. On 2 April 1970, the Management Company was impleaded in the instant action as an additional party defendant. On 27 April 1970, in an ex parte proceeding, a mandatory injunction and an order imposing a fine of $800 were entered against the defendants, with leave given to defendants to file within 2 weeks a petition to vacate the injunction and the fine.

The fine and injunction were vacated on 11 May 1970 on petition of the Henning Corporations. Defendants were then given 90 days in which to cure the remaining defects on the premises. Upon the expiration of the 90-day period, further continuances were allowed. Full compliance was effected by 5 October 1970. After a hearing in aggravation and mitigation on that date, defendants were fined $400 plus costs. It is from the fine that the Henning Corporations appeal.

■■ Appellants' first contention is that the assessment of a fine against them was in violation of the 5th Amendment to the United States Constitution. We note that this 5th Amendment issue was not raised during the

proceedings in the trial court or in appellants' post-trial motion. Therefore, this question will not be considered for the first time on appeal. See *Little Sister Coal Corp. v. Dawson* (1970), 45 Ill.2d 342, 259 N.E.2d 35.

■■ Appellants next contend that the trial court was without jurisdiction to levy a fine against them on 5 October 1970 because they were not responsible for the property in light of the decree of foreclosure and the injunction entered against them by the Federal district court. We assume that the appellants could not be held responsible for violations initially occurring after the effective date of the Federal injunction. But the alleged violations, for which the fine was sought and imposed, were in existence prior to the filing of the foreclosure proceedings in the Federal court and while the appellants were in unimpeded possession of the premises. Each day on which the alleged violations existed constituted a separate violation of the Municipal Code. Therefore, a fine for these violations could be properly imposed against appellants.

■■ Appellants' final contention is that they were somehow placed in former jeopardy by the trial court's imposition of a fine on 5 October 1970 after it had vacated its earlier decree on 27 April 1970. The doctrine of former jeopardy is inapplicable to the facts of the case at bar. This was at most a quasi-criminal proceeding, and jeopardy has strict application to criminal prosecutions only. See *Village of Maywood v. Houston* (1956), 10 Ill.2d 117, 139 N.E.2d 233.

For the foregoing reasons the judgment below is affirmed.

Affirmed.

STAMOS and LEIGHTON, JJ., concur.