(Nos. 47746, 47754 cons.

BULK TERMINALS COMPANY *et al.*, Appellees, v. THE ENVIRONMENTAL PROTECTION AGENCY *et al.*, Appellants.

*Opinion filed Sept. 20, 1976.—Rehearing denied Dec. 2, 1976.*

William J. Scott, Attorney General, of Chicago (George William Wolff and Dennis R. Fields, Assistant Attorneys General, and Marcia L. B. Arnstein (law student), of counsel), for appellants.

Lord, Bissell & Brook, of Chicago (Robert A. Knuti and Frank H. Henneburg, of counsel), for appellees.

Joseph S. Wright, Jr., Dixie L. Laswell, and Rooks, Pitts, Fullagar and Poust, all of Chicago, for *amicus curiae* the Illinois Manufacturer's Association.

Helga E. Huber, of Chicago, for *amicus curiae* Citizens for a Better Environment.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Bulk Terminals Company, hereafter Bulk, and Gerald L. Spaeth, its president, appealed from the judgment of the circuit court of Cook County dismissing their action for injunction, or alternatively prohibition, seeking to terminate proceedings commenced by defendants Environmental Protection Agency and Citizens for a Better Environment before the defendant Pollution Control Board. The appellate court reversed (29 Ill. App. 3d 978) and we allowed petitions for leave to appeal filed by defendant Citizens for a Better Environment (No. 47746) and jointly by the other defendants (No. 47754).

In their complaint for injunction or prohibition plaintiffs alleged that a leak in a storage tank situated at Bulk's premises caused the emission of hydrochloric acid vapor and silicon dioxide; that the city of Chicago filed complaints charging Bulk with violations of section 17—2.6 of the Chicago Municipal Code; that Bulk was tried and found guilty of violations of the ordinance and that fines were assessed and paid; that defendant Citizens for a Better Environment filed a complaint before the defendant Pollution Control Board charging plaintiffs with violations of the Illinois Environmental Protection Act and of certain air pollution regulations; that defendant Environmental Protection Agency also filed a complaint before the Pollution Control Board charging similar violations of the Act and the regulations; that the violations charged in the proceedings before the Pollution Control Board involved the same emissions on the same dates as those for

which Bulk was prosecuted under the Chicago ordinance; that plaintiffs filed answers to the complaints before the Pollution Control Board affirmatively setting forth "the facts in support of their constitutional and common law defenses" and a motion and amended motion to dismiss the proceedings; that the defendant Pollution Control Board has denied their motions to dismiss and to stay discovery; and that unless the proceedings before the Pollution Control Board are enjoined they will suffer irreparable loss and damage. In a second count they repeated the allegations and sought as alternative relief the issuance of a writ of prohibition. It is also alleged in the complaint that:

> "10. On or before July 31, 1974, all silicon tetra-chloride previously stored on the premises of Bulk had been removed by the owner thereof and transported away from Cook County, Illinois. Bulk has no present intention to store in the future silicon tetrachloride on its premises in Chicago, Illinois."

The circuit court dismissed the suit on the ground that "the complaint fails to establish that plaintiffs have exhausted their remedies under the Environmental Protection Act and the Administrative Review Act ***." The appellate court, although recognizing that under the Administrative Review Act only final decisions of administrative agencies are reviewable, stated that in this action in which "*** plaintiffs seek in effect to prevent the State of Illinois from twice prosecuting and fining them for the same offense *** to allow a remedy in a judicial forum only after the fact of double prosecution would be improper and could not be mandated by the Administrative Review Act." (29 Ill. App. 3d 978, 982.) The appellate court held that the proceedings before the Pollution Control Board were barred by the prior prosecution under the Chicago ordinance and reversed the judgment.

Although the parties and *amicus curiae,* the Illinois Manufacturer's Association, have briefed and argued a

number of questions we need consider only whether plaintiffs, prior to seeking judicial relief, were required to exhaust the administrative remedies provided in section 41 of the Environmental Protection Act (Ill. Rev. Stat. 1975, ch. 111½, par. 1041) and the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*). It is defendants' position that the circuit court "is without jurisdiction to review interlocutory orders of the Pollution Control Board." Plaintiffs contend that "this is a proper case for the exercise of the circuit court's power to issue a writ of prohibition or to order injunctive relief. Plaintiffs have no other remedy for the wrongs being done to them." They argue that "judicial review of a final order of the Pollution Control Board is inadequate relief because the guarantee against double jeopardy precludes a second prosecution as well as a second punishment," that "*res judicata* not only precludes multiple liability, but subsequent actions to impose that liability as well" and that "the Administrative Review Act does not bar the relief plaintiffs seek; if it did, it would be unconstitutional."

In discussing the doctrine of exhaustion of remedies, in *Illinois Bell Telephone Co. v. Allphin,* 60 Ill. 2d 350, we said:

> "*** the doctrine of exhaustion has long been a basic principle of administrative law—a party aggrieved by administrative action ordinarily cannot seek review in the courts without first pursuing all administrative remedies available to him. (*Myers v. Bethlehem Shipbuilding Corp.* (1938), 303 U.S. 41, 82 L. Ed. 638, 58 S. Ct. 26.) The rule is the counterpart of the procedural rule which, with certain exceptions, precludes appellate review prior to a final judgment in the trial court, and the reasons for its existence are numerous: (1) it allows full development of the facts before the agency; (2) it allows the agency an opportunity to utilize its expertise; and (3) the

aggrieved party may succeed before the agency, rendering judicial review unnecessary. 2 F. Cooper, State Administrative Law 572-574 (1965); L. Jaffe, Judicial Control of Administrative Action 424-426 (1965); 3 K. Davis, Administrative Law Treatise secs. 20.01-20.10 (1958), and 1970 Supplement at 642-669.

All jurisdictions have recognized that the exhaustion doctrine, if strictly applied, could sometimes produce very harsh and inequitable results. While our courts have required comparatively strict compliance with the exhaustion rule, exceptions have been recognized where an ordinance or statute is attacked as unconstitutional in its entirety (*Bright v. City of Evanston* (1956), 10 Ill. 2d 178), or where multiple remedies exist before the same zoning board and at least one has been exhausted (*Herman v. Village of Hillside* (1958), 15 Ill. 2d 396), or where irreparable harm will result from further pursuit of administrative remedies. (*Peoples Gas Light and Coke Co. v. Slattery* (1939), 373 Ill. 31.) It is not our intention by this opinion to affect these existing exceptions.

These exceptions to the exhaustion doctrine have been fashioned in recognition of the time-honored rule that equitable relief will be available if the remedy at law is inadequate. In those situations covered by these exceptions, further recourse to the administrative process would not, or cannot, for a variety of reasons, provide adequate relief." 60 Ill. 2d 350, 357-59.

The circuit court entered judgment upon allowance of defendants' motion to dismiss and all facts properly pleaded in the complaint are taken as true. (*Acorn Auto Driving School, Inc. v. Board of Education*, 27 Ill. 2d 93, 96.) The question whether, upon those facts, the proceed-

ings before the Pollution Control Board are barred by either the constitutional proscription of double jeopardy or the doctrine of *res judicata* is one of law which we need not and do not decide. Other than a conclusional allegation in the complaint that unless relief is granted they will suffer irreparable harm, plaintiffs do not contend that under the facts alleged this case falls within one of the exceptions recognized in *Allphin,* and we are presented the narrow question whether the allegation of double jeopardy, or alternatively, *res judicata,* should invoke an additional exception to the requirement that administrative remedies be exhausted prior to seeking judicial relief.

It is clear that the motions to dismiss filed before defendant Pollution Control Board were the appropriate method by which to present the issue and that the Board had jurisdiction to decide the question. (*Sugden v. Department of Public Welfare,* 20 Ill. 2d 119, 121; *People ex rel. United Motor Coach Co. v. Carpentier,* 17 Ill. 2d 303, 305.) Plaintiffs, conceding that the order denying the motions to dismiss was interlocutory in nature, argue that the denial of the plea of double jeopardy served to "finally determine rights separate from and collateral to the main action, determine collateral rights that are too important to be denied review and determine rights that will have been lost, probably irreparably, after judgment has been entered." In support of their contention that an interlocutory order denying a plea of double jeopardy is appealable they cite *United States v. Beckerman,* 516 F.2d 905 (2d Cir. 1975) wherein, at page 906, the court said:

> "The issue of double jeopardy is collateral to the determination of whether the accused is innocent or guilty of the offense for which he has been indicted. The constitutional protection against being twice put in jeopardy for the same offense is a 'valued right,' Wade v. Hunter, 336 U.S. 684, 689, 69 S. Ct. 834, 93 L. Ed. 974

(1949), that is too important to be denied review. The protection against double jeopardy guards 'not against being twice punished, but against being twice put in jeopardy,' United States v. Ball, 163 U.S. 662, 669, 16 S. Ct. 1192, 1194, 41 L. Ed. 300 (1896). The right will be invaded if an accused, who has properly invoked the Fifth Amendment protection against being twice put in jeopardy, is called upon to suffer the pain of two trials. Green v. United States, 355 U.S. 184, 187, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957).

If an accused is to be afforded 'the full protection of the double jeopardy clause, a final determination of whether jeopardy has attached to the previous trial must, where possible, be determined prior to any retrial.' United States v. Lansdown, 460 F.2d 164, 171 (4th Cir. 1972). Contra, Gilmore v. United States, 264 F.2d 44 (5th Cir. 1959), cert denied, 359 U.S. 994, 79 S. Ct. 1126, 3 L. Ed. 2d 982 (1959). The reasoning of the opinion in *Lansdown* is persuasive here. We conclude that we have jurisdiction to review the denial of the defendant's motion to dismiss the indictment on the predicate of the double jeopardy clause."

The situation in *Beckerman,* however, is clearly distinguishable. Had plaintiffs, despite the statutory provision limiting review to "final" orders, sought review of the interlocutory order of the Pollution Control Board denying their motions, this case would present a question similar to that involved in *Beckerman.* This, however, they did not do. We note parenthetically that the Court of Appeals for the Fifth Circuit has decided the question contrary to *Beckerman* (see *United States v. Bailey* (1975), 512 F.2d 833; *Gilmore v. United States* (1959), 264 F.2d 44) and that in *People v. Miller,* 35 Ill. 2d 62, it was held "that no appeal lies from an interlocutory order in the

absence of a statute or rule specifically authorizing such review" (35 Ill. 2d 62, 67). We note, too, that a panel of the Second Circuit Court of Appeals in *United States v. Alessi* (1976), 544 F.2d 1139, although stating that it would prefer to follow *Gilmore*, considered itself compelled to follow *Beckerman*.

We conclude, for the reasons stated, that this record presents no question of the appealability of an interlocutory order and that the complaint failed to state facts which would warrant an exception to the exhaustion doctrine. The judgment of the appellate court is therefore reversed and the judgment of the circuit court of Cook County, dismissing the action, is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*