CHARLES JANSON, d/b/a Bartonville Disposal, Petitioner, *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

Third District   No. 77-344

Opinion filed March 22, 1979.

Cassidy, Cassidy, Mueller & Price, of Peoria (Richard D. Price, Jr., of counsel), for petitioner.

William J. Scott, Attorney General, of Springfield (John Van Vranken, Assistant Attorney General, of counsel), for respondents.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

This appeal is from an opinion and order of the Pollution Control Board entered May 12, 1977. The petitioner, Charles Janson, d/b/a Bartonville Disposal, was charged by the Illinois Environmental Protection Agency, hereafter referred to as E.P.A., with violating certain provisions of the Environmental Protection Act (Ill. Rev. Stat. 1977, ch. 111½, par. 1001 *et seq.*) and certain rules and regulations of the Pollution Control Board, namely chapter 7, "Solid Waste" ("Solid Waste Rules"). Although a public hearing was held on the matter, the petitioner Janson did not participate other than filing a limited appearance and special response to the complaint against him. He contested the jurisdiction

of the Pollution Control Board at the hearing on the ground that a pending circuit court case involved "essentially identical parties, subject matter, and violations," and that the maintenance of the two proceedings in different forums violated the due process of law provisions of the Illinois and Federal Constitutions. The heart of petitioner's contention is the dual manner by which the E.P.A. prosecutes what petitioner alleges to be the same statutory violations. At the conclusion of the public hearing the Pollution Control Board, by a written order and opinion, denied petitioner's motion attacking its jurisdiction and found petitioner to be in violation of the Solid Waste Rules and the Environmental Protection Act as charged. The order further commanded petitioner to cease and desist all further violations and to pay a $6,000 civil monetary penalty to the State of Illinois. It is from this order that the petitioner appeals, again challenging the jurisdiction of the Pollution Control Board to proceed in this matter.

The action in the circuit court referred to by the petitioner was presented at the hearing before the Pollution Control Board by way of a copy of the amended complaint on remand in case No. 70-E-3359 of the Tenth Judicial Circuit of Peoria County, Illinois. The nature of that circuit court litigation, a 1970 case, initially was an action to enjoin the same petitioner's use of land as a commercial garbage dump in violation of the Illinois Environmental Protection Act. This proceeding was discussed factually at length in *People ex rel. Scott v. Janson* (1974), 57 Ill. 2d 451, 312 N.E.2d 620, and we will not repeat in full the facts and pleadings as they are fully set out in the supreme court opinion. The conclusion of the circuit proceeding was a voluntary court approved stipulation between the parties by which Janson agreed to suspend further dumping operations and would generally conform his activities to the Environmental Protection Act. The stipulation further provided for a monetary penalty if Janson did not comply with the stipulation as well as authorizing that he could be held in contempt of court for nonpayment of said penalty without hearing and without notice. Ultimately Janson allegedly violated the terms of the stipulation which resulted in his being assessed a $5,000 penalty and in the trial court's prohibiting the further use of his dump site until he complied with the terms of the stipulation. Janson appealed from the trial court's order. He failed to file a bond to stay enforcement of the trial court's judgment for the penalty and was held in contempt for his refusal to produce certain documents in response to a citation to discover assets. On appeal, the appellate court reversed the trial court and found that the requisite subject matter jurisdiction was lacking. (*People ex rel. Scott v. Janson* (3d Dist. 1973), 10 Ill. App. 3d 787, 295 N.E.2d 140.) The supreme court reversed the appellate court and remanded with directions holding that the trial court was empowered to

enforce the terms of the court approved stipulation. (*People ex rel. Scott v. Janson* (1974), 57 Ill. 2d 451, 312 N.E.2d 620.) The amended complaint contained in the record on this appeal was filed in the circuit court on remand by the supreme court.

The petitioner has presented two issues for review: (1) Whether the finding of the Pollution Control Board that the two cases, one before the Pollution Control Board and the other in the Circuit Court of Peoria County, involved different parties and different issues is clearly erroneous, and (2) whether the action before the Pollution Control Board while another action of allegedly the same parties and issues is pending in circuit court violates the petitioner's right to be free from double jeopardy and to have due process of law afforded to him under both the constitutions of the State of Illinois and the United States.

■■ ■ The petitioner erroneously contends that he was twice placed in jeopardy for the same offenses as a result of the simultaneous proceedings before the Pollution Control Board and the Circuit Court of Peoria County. This argument fails to recognize that the pending circuit court action as well as the proceeding before the Pollution Control Board are civil in nature. (*City of Monmouth v. Pollution Control Board* (1974), 57 Ill. 2d 482, 313 N.E.2d 161.) The doctrine of double jeopardy, in either its constitutional or common law sense, has been applied to criminal law prosecutions only and does not apply to civil actions. (*United States v. Smith* (D.P.R. 1968), 288 F. Supp. 394; *City of Chicago v. La Salle National Bank Trust* (1974), 20 Ill. App. 3d 462, 314 N.E.2d 737). The petitioner's reliance upon the case of *Bulk Terminals Co. v. Environmental Protection Agency* (1975), 29 Ill. App. 3d 978, 331 N.E.2d 260, *rev'd* (1976), 65 Ill. 2d 31, 357 N.E.2d 430, is misplaced. Even though the appellate court case was reversed by the supreme court on other grounds, we believe the appellate court's opinion is otherwise clearly distinguishable. There the same offense was involved, the source of the alleged pollution had long since been eliminated, and no present threat to the environment existed. Further we are unpersuaded by the language in that appellate court opinion that former precedent should be ignored and that the doctrine of double jeopardy should be applied to matters essentially civil in nature.

The petitioner next asserts that the finding of the Pollution Control Board, that the parties and issues in the case before them and in the Circuit Court of Peoria County are different, is against the manifest weight of the evidence. The petitioner claims that the two proceedings involve the identical parties, the same dump site, and that the petitioner is accused of committing the same type of violations under the same statute for a portion of the same time period.

■■■ The Pollution Control Board and the circuit court do have some

concurrent jurisdiction under the Environmental Protection Act. "The Environmental Protection Act itself provides that 'No existing civil or criminal remedy for any wrongful action shall be excluded or impaired by this act.' (Ill. Rev. Stat., 1970 Supp., ch. 111½, par. 1045(a).) We must therefore reject defendant's position that concurrent jurisdiction to curb pollution is not vested in the circuit court and the proper administrative agency." (*People ex rel. Scott v. Janson* (1974), 57 Ill. 2d 451, 459, 312 N.E.2d 620, 624.) However they do not have the same powers and are not coordinate tribunals. The doctrine of priority of jurisdiction provides that where two actions between the same parties on the same subject are brought in different courts with concurrent jurisdiction the first court which acquires jurisdiction retains its jurisdiction. That doctrine is not applicable to the instant appeal. In the case of *Metropolitan Sanitary District v. United States Steel Corp.* (1st Dist. 1975), 30 Ill. App. 3d 360, 332 N.E.2d 426, it was held that a court action seeking an injunction restraining continuation of pollution is not the same action as a Federal agency action concerning a permit of the corporation causing the pollution. That holding was applied in *Bulk Terminals Co. v. Environmental Protection Agency* (1976), 65 Ill. 2d 31, 357 N.E.2d 430, and we believe the same principles are applicable to the present appeal. The current activity in the Circuit Court of Peoria County was to enforce the terms of a voluntary stipulation entered into between the parties to that action which was approved by the circuit court. That action was essentially one involving the contempt power of the circuit court to enforce the court approved stipulation. The action from which this appeal is taken involved a complaint filed by the E.P.A. before the Pollution Control Board alleging the petitioner had violated not only the Illinois Environmental Protection Act but also the 1973 Solid Waste Rules of the Pollution Control Board. From examining the pleadings and underlying facts it is clearly apparent that the separate proceedings are not identical and do not involve a resolution of the same issues. The relief sought in the circuit court action was an injunction prohibiting future pollution activities of the petitioner and collection of the monetary penalty provided for in the court-approved stipulation order. The Pollution Control Board has no authority to adjudicate the issue of petitioner's violation of the stipulation approved by the circuit court action. The Board has no authority to issue or enforce injunctive relief as requested in the circuit court or to punish for civil contempt. Also of great significance is the time span that the petitioner allegedly engaged in pollution activities. The circuit court proceeding initially involved petitioner's pollution activities which occurred prior to and resulted in the 1971 stipulation which provided the petitioner would upgrade his dump operation activities. The circuit court proceeding was appealed to the

supreme court based upon the activities during that time span. Upon remand from the supreme court the circuit court action became one to enforce the terms of the 1971 stipulation which the supreme court specifically held the Circuit Court of Peoria County was empowered to enforce. (*People ex rel. Scott v. Janson* (1974), 57 Ill. 2d 451, 312 N.E.2d 620.) On the other hand the complaint before the Pollution Control Board, as heretofore indicated, alleged specific violations of the Environmental Protection Act and the 1973 Solid Waste Rules of the Pollution Control Board, and the latter did not become effective until July 27, 1973. Although the two proceedings do have some aspects in common we do not believe that they are sufficient to classify them as identical causes of action and thereby require the abatement of one by the other. We find the record before the Pollution Control Board manifestly supports the finding that the Board had jurisdiction over the controversy and that the two proceedings involved different issues.

■■■ Lastly we consider that the petitioner has complained in general terms that he has somehow been denied due process of law in violation of the United States and Illinois constitutions. The petitioner in his brief relied extensively upon the underlying principle of double jeopardy applying to the present appeal. In light of our agreement with the findings of the Pollution Control Board and the inapplicability of traditional double jeopardy concepts to essentially civil proceedings, we must reject petitioner's theory that he was denied fundamental fairness in this case for those reasons. More importantly the petitioner's other arguments concerning a deprivation of his constitutional rights to due process of law are couched in vague and general terms. Constitutional issues cannot be raised by general allegations without specifying how one's constitutional rights were infringed. (*People v. Palkes* (1972), 52 Ill. 2d 472, 288 N.E.2d 469.) It is not sufficient for one to assert in a vague and general fashion that one has been deprived of due process of law without pointing out specifically in detail in the record the manner in which those constitutional rights were violated. (*Biggs v. Cummins* (1955), 5 Ill. 2d 512, 126 N.E.2d 208.) Janson has failed to specify, other than an argument based on double jeopardy, which we reject, how he was denied the fundamental fairness required by constitutional due process pursuant to the United States and Illinois constitutions. We conclude, therefore, that the petitioner has failed to carry his burden with regard to proof that he was denied constitutional due process of law.

For the reasons stated the order of the Illinois Pollution Control Board in this cause is affirmed.

Judgment affirmed.

STENGEL and SCOTT, JJ., concur.