23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 A. Fredric LEOPOLD, Fredric W. Leopold and Adele Hall Sweet,
Plaintiffs-Appellees,
v.
Stephen SZEGO, Defendant-Appellant.
 No. 93-2082.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 8, 1993.
Decided May 16, 1994.
 
 1
 Before COFFEY and EASTERBROOK, Circuit Judges, and CURTIN, District Judge*.
 
 ORDER
 
 2
 This case is before us on appeal from that portion of a district court contempt order which requires the appellant to turn over certain properties to the appellees. Appellant also seeks to appeal the underlying Judgment and Order from which he was found in contempt. For the following reasons, we dismiss the appeal of the district court's Judgment and Order as untimely and affirm the contempt order in its entirety.
 
 I. Background
 
 3
 Plaintiff-Appellees Fredric Leopold, et al., brought a diversity action in federal district court against Defendant-Appellant Stephen Szego for fraud, breach of fiduciary duties, and violation of 18 U.S.C. Sec. 1962(c) ("RICO") concerning four real estate partnerships. The district court judge first issued a temporary restraining order ("TRO") enjoining Szego from disposing of any partnership or personal property. The TRO was followed by a series of orders requiring Szego to provide discovery material of his financial affairs.
 
 
 4
 On August 4, 1992, the appellees and Szego agreed to a stipulated Judgment and Order in favor of appellees on Counts I and II in the amount of $1,525,000. The Judgment and Order expressly continued the injunction and the discovery orders and kept the RICO claim pending until such time as Szego made complete payment.
 
 
 5
 On September 25, 1992, the appellees filed a rule to show cause to hold the appellant in contempt for willful violations of all the court orders. Szego replied with a motion to strike the contempt motion on the ground that the form of the Judgment and Order was improper and too vague, and therefore unenforceable. The district court denied the appellant's motion, held a hearing, and found Szego in civil contempt. In his decision of April 5, 1993, the district judge ordered Szego to fulfill the previous court orders and directed him to assign specific other properties over to the appellees. Szego appealed the contempt order.
 
 
 6
 On June 22, 1993, this court made a jurisdictional ruling restricting review of the case to the turnover orders the district court judge entered in his adjudication in civil contempt. The court also found that "the portions of the order compelling defendant to provide information, being in the nature of discovery, are not appealable." Leopold v. Szego, No. 93-2082 (7th Cir. June 22, 1993). However, no determination was made regarding the appealability of the underlying Judgment and Order of August 4, 1992. Appellant Szego now seeks to appeal the Judgment and Order for which he was found in contempt as well as the appealable portion of the contempt ruling. He claims that the injunctive portion of the Judgment and Order was so vague as to violate Rule 65(d) and should be nullified. He further claims that since the contempt order resulted from failure to comply with the unenforceable Judgment and Order, it should be reversed.
 
 II. Discussion
 
 7
 A. Appealability of Underlying Judgment and Order
 
 
 8
 The first issue is whether the appellant can appeal the Judgment and Order, including the previous injunctions and orders which it incorporated. Defendant asserts that the April 5, 1993, contempt order was an extension, modification, and clarification of the Judgment and Order, and therefore appealable pursuant to 28 U.S.C. Sec. 1292(a)(1). He urges this court to consider the underlying Judgment and Order now for reasons of judicial economy.
 
 
 9
 In Szabo v. U.S. Marine Corp., 819 F.2d 714 (7th Cir.1987), this court held that a contemnor cannot attack the underlying injunction on Rule 65 grounds if the contemnor did not appeal from the original decision to grant the injunction. The appellant argues that Szabo is inapplicable to his case because the injunctions issued here were not permanent. The appellant fails to explain why this would make a difference. Moreover, the injunction in Szabo was less a permanent injunction than the one in this case, since the Szabo defendant was enjoined from acting in a certain manner pending a hearing and determination on the merits. Here, a judgment had already been issued and the injunctions were merely "held over" until the payments were complete.
 
 
 10
 Furthermore, the appellant wishes to appeal the underlying Judgment and Order as violative of Rule 65 even though it was issued by stipulation of both parties. Appellant stated that the Judgment and Order fails to set forth appropriate reasons for its issuance, is vague in numerous ways, and incorporates by reference other documents and law rather than spelling them out within the body of the injunction.
 
 
 11
 Fed.R.Civ.P. 65(d) provides in relevant part that:
 
 
 12
 Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained....
 
 
 13
 Rule 65 "is controlling and mandatory except by complete agreement of counsel." Brumby Metals, Inc. v. Bargen, 264 F.2d 46, 49 (7th Cir.1960). Appellees assert that since Szego agreed to both the form and the content of the August 4 Judgment and Order, he cannot now raise a Rule 65 objection. See id.
 
 
 14
 Appellant argues that the district court has the duty of refusing to enter a defective injunction even if neither party objects. Chicago & North Western v. Railway Labor Exec., 908 F.2d 144, 149 (7th Cir.1990). However, in Chicago & North Western, the permanent injunction in question was found to be valid even though it incorporated other documents because "it was understood by all concerned that the terms, except as to duration, were the same as those of the preliminary injunction ... [so that] the spirit of Rule 65(d) was honored after all." Id. at 150. Similarly, here, the Judgment and Order incorporated the previous injunctions, which clearly spelled out the acts enjoined and the reasons for doing so. No appeal for lack of specificity was made upon issuance of those previous injunctions. The further acts enjoined or ordered on August 4 were specified, upon agreement by the parties. "The acid test of whether a purported injunction is appealable is whether it is in sufficient though not exact compliance with Rule 65(d) that a violation could be punished by contempt or some other sanction." Orig. Gr. Am. Choc. Chip Cookie v. River Valley, 970 F.2d 273, 276 (7th Cir.1992). Since the appellant clearly stipulated to the content and form of the Judgment and Order and made no timely attempt to challenge its alleged vagueness and unenforceability, we see no reason why he should be permitted to appeal it here.
 
 
 15
 B. Validity of the Turnover Provisions of the Contempt Order
 
 
 16
 The sole remaining issue is whether the district court abused its discretion in making specific assignments of property after finding the defendant in civil contempt. Appellant's brief never addresses this issue directly. Instead, he challenges the contempt order as a whole, contending that the district court judge had already prejudged him to such an extent that he could not get a fair trial on the contempt motion. Because the court's finding of contempt was based almost entirely on Szego's alleged lack of credibility, Szego asks that the contempt order be vacated and the property he was ordered to turn over to appellees returned. He further requests the recusal of the district court judge below and reassignment of his case.
 
 
 17
 The remarks in question occurred at the conclusion of the hearing when the judge informed Szego's counsel that "even in the days when I believed in the tooth fairy, I would have had some difficulty believing your client." App. at 239. The judge continued by saying that he expected Szego to admit at the hearing that he (Szego) was wrong and to give as an excuse his great financial and emotional stress, which the judge would have found a credible explanation for Szego's failure to comply with the Judgment and Order. Instead the judge heard that "everything's perfectly all right; and if I didn't produce something, it's because they didn't ask me." App. at 240. Appellant argues that these statements, among others, showed that the judge had decided what the truth was prior to hearing the evidence. Appellant urges that the judge's bias is also evinced by the fact that he ruled in appellees' favor on virtually every major issue pending before the court in the contempt proceeding, and that Szego was ordered to turn over property beyond that which was requested in the contempt motion.
 
 
 18
 Appellees counter that Szego does not challenge any of the judge's factual findings nor does he identify any evidentiary or procedural errors made during the hearing. They maintain that the judge had already seen Szego engage in evasive and recalcitrant behavior which required them to file numerous motions for relief prior to the contempt hearing. In the contempt order, the judge also indicated that Szego's pleadings were "replete with false denials and false statements" and that Szego had repeatedly "conducted himself with utter disregard of his obligations under this Court's orders." App. at A-15.
 
 
 19
 The district court's remarks do not show the type of bias against the appellant which might indicate that the finding of contempt was made on improper grounds. The judge decided that Szego lacked credibility based on appellant's past behavior as well as the testimony at the hearing. The appellant gives no authority that this constitutes bias sufficient to warrant a vacation of the district court's order and reassignment absent factual findings unsupported by evidence or fundamental procedural errors. Louis Vuitton S.A. v. Lee, 875 F.2d 584, 589-90 (7th Cir.1989).
 
 
 20
 Moreover, the record supports the judge's view of Szego's contemptuous behavior, the evidence of which appellant now does not even attempt to challenge. The judge acted well within his discretion in requiring Szego to turn over additional assets to the appellees in light of Szego's repeated noncompliance with earlier court orders.
 
 III. Conclusion
 
 21
 We find that the district court did not abuse its discretion in ordering further assignments and turnovers as part of a contempt order in light of the appellant's past behavior. Since the appellant stipulated to the content and form of the underlying Judgment and Order and thereafter failed to challenge it or any previous injunctions on Rule 65(d) grounds in a timely fashion, he has no grounds for its appeal following the contempt order. The judgment of the district court is affirmed.
 
 
 
 *
 Judge John T. Curtin, Senior District Judge from the Western District of New York, is sitting by designation