786 So.2d 423 (2001)
Pierre SMITH a/k/a Pierre Smith, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01875-COA.
Court of Appeals of Mississippi.
May 29, 2001.
*424 Dan W. Duggan, Jr., Brandon, Attorney for Appellant.
Office of the Attorney General, by Billy L. Gore, Attorney for Appellee.
Before McMILLIN, C.J., IRVING, and CHANDLER, JJ.
CHANDLER, J., for the Court:
¶ 1. Pierre Smith's trial on two counts of aggravated assault and one count of shooting into an occupied dwelling ended in acquittal on the aggravated assault charges and a hung jury on the shooting into an occupied dwelling charge. The Hinds County Circuit Court denied Smith's directed verdict motion and his motion of acquittal notwithstanding the verdict. Smith seeks appellate review of the denial of his directed verdict and JNOV motions. Finding that the present case is not ripe for our review, we hereby dismiss the appeal.

FACTS
¶ 2. Cousins Dennis and Glendale McDuffy were relaxing on their grandmother's front porch when the occupants of two automobiles drove by and shot rifles towards the house. Dennis was hit by "buckshot," and his grandmother, who was inside the house at the time, sustained four gunshot wounds which required hospitalization.
¶ 3. Pierre Smith, the alleged driver of one of the vehicles, was indicted on two counts of aggravated assault and one count of shooting into an occupied dwelling. The jury found him not guilty on the two aggravated assault counts and were unable to return a verdict on the count charging the crime of shooting into an occupied dwelling. The trial judge entered a mistrial order accordingly, and the State announced its intention to retry Smith on count three. At the close of the State's and Smith's cases, Smith moved for a directed verdict. He also moved for JNOV after the mistrial order was entered, requesting that the trial court enter a judgment of acquittal on count three. The trial court denied Smith's motions, an act which was error according to Smith. Smith appeals the trial court's denial of the motions.

LAW AND ANALYSIS
¶ 4. A person who has been convicted of a criminal offense in the circuit court has a right to appeal to the supreme court. Miss.Code Ann. § 99-35-101 (Rev.2000). Smith has not been convicted of any criminal offense because his trial on count three ended in a mistrial. In a civil context, *425 "[a]ppeals to the Supreme Court from the circuit court lie only from a final judgment." Cotton v. Veterans Cab Co., Inc., 344 So.2d 730 (Miss.1977) (citing Miss. Code Ann. § 11-51-3 (1972)). The immediate question is whether Smith's allegation of error is ripe for appellate review given that he has not been convicted of a criminal offense.
¶ 5. Both Smith and the State cite McGraw v. State, 688 So.2d 764 (Miss. 1997), in support of their respective cases. Smith cites McGraw as authority for his argument the trial court has the authority to direct a verdict of acquittal or grant JNOV after a mistrial. He is correct. The McGraw court stated: "[A]ny claim that the trial court lacked the power to grant a directed verdict (or judgment notwithstanding the fact that the jury was unable to agree) at any time after mistrial, is directly contrary to the holding of [State v. ]Russell [, 358 So.2d 409 (Miss.1978) ] and the spirit of [State v. ]Thornhill [, 251 Miss. 718, 171 So.2d 308 (1965) ]." Id. at 768.
¶ 6. The State cites McGraw as authority for its argument that a mistrial is not a final judgment. The State is correct. The McGraw court stated: "Here, no final judgment was rendered since the court declared a mistrial." Id. at 769.
¶ 7. While a trial court is authorized to direct a verdict of acquittal in a case ending in a mistrial, it is not required to do so under McGraw. The question is not whether the trial court has the authority; it is whether the court's refusal to direct a verdict is immediately appealable.
¶ 8. In Beckwith v. State, 615 So.2d 1134 (Miss.1992), Byron De La Beckwith moved to dismiss his third indictment on murder charges, claiming that his constitutional right to speedy trial and due process of law were being violated. He appealed the trial court's denial of his motion to dismiss to the Mississippi Supreme Court. The supreme court looked to federal case law to support its decision that De La Beckwith had no right to immediately appeal these issues. The court stated: "The correctness of a trial court's rejection even of a constitutional claim made by the accused in the process of prosecution must await his conviction before its reconsideration by an appellate tribunal." Id. (quoting Cobbledick v. United States, 309 U.S. 323, 325, 60 S.Ct. 540, 84 L.Ed. 783 (1940)).
¶ 9. Beckwith differs from the present case in that De La Beckwith's motion questioned the authority of the State to file a third indictment against him. This was a pre-trial motion rather than appeal from motions made immediately after a mistrial. However, Beckwith is illustrative of this State's insistence that only final judgments, subject to a few narrow exceptions, are reviewable on appeal. As previously stated, a mistrial is not a final judgment. McGraw, 688 So.2d at 769.
¶ 10. Gilmore v. United States, 264 F.2d 44 (5th Cir.1959), speaks directly to the issue in the present case. In Gilmore, the defendant's second trial on narcotics charges ended in a hung jury. Gilmore moved the trial court to direct a verdict of acquittal. The trial court refused. On appeal, the fifth circuit stated:
Denial of a motion for a judgment of acquittal would not ordinarily meet the test of finality. "Final judgment in a criminal case means sentence. The sentence is the judgment. * * * In criminal cases, as well as civil, the judgment is final for the purpose of appeal `when it terminates the litigation * * * on the merits' and `leaves nothing to be done but to enforce by execution what has been determined."
*426 Id. at 45 (quoting Berman v. United States, 302 U.S. 211, 212-213, 58 S.Ct. 164, 82 L.Ed. 204 (1937)). The Gilmore court dismissed Gilmore's appeal.
¶ 11. While Gilmore originated in a federal district court in Texas and is not necessarily dispositive of the case sub judice, it echos the sentiment in Mississippi that only final judgments, with few exceptions, may be appealed to an appellate tribunal. In the criminal context, a final judgment is one which ends in conviction and sentence. Since Smith's case ended in mistrial, his case was not finally adjudged. Smith's present appeal is not ripe for appellate review; thus, this Court does not have jurisdiction to entertain Smith's allegations of error in the court below.
¶ 12. THE APPEAL FROM THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING DIRECTED VERDICT AND JNOV MOTIONS IS HEREBY DISMISSED. COSTS ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and MYERS, JJ., concur.